UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 08-152-03 (RCL) |
| | ) 08-147 |
| TIJANI AHMED SAANI, | ) |
| | ) |
| Defendant | ) |

*Let this be filed. 5/29/08*
*[signature] 45.89*

FILED
MAY 29 2008
Clerk, U.S. District and
Bankruptcy Courts

### DEFENSE MEMORANDUM IN OPPOSTION TO GOVERNMENT'S MOTION FOR STAY AND REVOCATION OF RELEASE ORDER

The Defense respectfully requests that this Honorable Court deny the Government's Motion for Stay and Revocation of the Bail Release Order granted by the Honorable Lois Bloom, Magistrate Judge of the United States District Court for the Eastern District of New York and release the Defendant Tijani Ahmed Saani on bail pursuant to said Bail Release Order. Mr. Saani does not pose a flight risk and has presented considerable evidence of his longstanding ties to the United States of America which support the conditions for his release.

### Background

The Defendant, Tijani Ahmed Saani is a United States citizen who has been a resident and domiciliary of the United States since November 1977. Mr. Saani grew up in the State of Ohio, along with his two brothers, who are also United States Citizens and still reside in the State of Ohio. Mr. Saani earned his college diploma from Central State University in Ohio. Subsequently, he studied at Bowling Green State University in Ohio, where he was awarded his Masters Degree in Business Administration.

1

Mr. Saani is married and has four children. His eldest child Asha Calhoun is a thirty four year old United States Citizen who resides and works in the State of Tennessee. His second child Rashida Saani is a twenty eight year old United States Citizen who resides and works in the State of Florida. Mr. Saani and his wife also have two adopted children (Habib Saani who is four years old and Farida Saani who is three years old) who are both United States Citizens that live with Mr. and Mrs. Saani. Mr. Saani and his wife own their family home in Flossmoor, Illinois.

Mr. Saani has worked as a civilian employee for the United States Air Force for approximately twenty four years, since approximately 1984. He has lived in the United States of America continuously until approximately December 1994, at which time Mr. Saani's employment with the United States Air Force was transferred to Kuwait as part of "Operation Iraqi Freedom." While working for the United States Air Force, Mr. Saani has earned approximately $100,000 per year with virtually no overhead expenses because the United States Air Force provides for many, if not all, of his family's monthly living expenses.

On May 7, 2008, Mr. Saani, his wife and two young children arrived at JFK International Airport in Queens, New York. They were traveling back to the United States in order for Mr. Saani to make accommodations for his new employment at Dobbins Air Force Base in the State of Georgia, which he received as part of a priority placement program. Afterwards, Mr. Saani and his family planned to return to Kuwait, in order to oversee the packing of their belongings and return with their personal belongings, to Dobbins Air Force Base on a flight which was being facilitated and provided by the United States Air Force.

On May 7, 2008, Mr. Saani arrived on Kuwait Flight number 117 at approximately 2:00pm and was arrested and detained at JFK International Airport in Queens, New York pursuant to a Warrant for Arrest issued by Magistrate Judge John M. Facciola, dated March 25, 2008. Subsequently, Mr. Saani, along with his defense counsel, appeared before the Magistrate Court in the United States District Court for the Eastern District of New York on May 8, 2008, May 9, 2008 and May 14, 2008.

On May 14, 2008, Mr. Saani, along with his defense counsel, appeared before Magistrate Judge Lois Bloom of the United States District Court for the Eastern District of New York and successfully presented a bail package and argued for his release, which Magistrate Judge Bloom granted. Magistrate Judge Bloom ordered that Mr. Saani be released on five hundred thousand bond, which was signed by his wife and his two brothers (all of whom appeared in Court and are United States Citizens currently living in the United States), and the bond would be secured by the family home owned by the Defendant's brother, Ahmed R. Saani, which real property the Defendant's brother resides in and is located at 3784 Delwood Drive, in Powell, Ohio. The real property was purchased for approximately $350,000 and as of May 7, 2008 has an outstanding mortgage of $231,479.73; thus, the real property value has equity value of approximately $118,520.27 and is likely worth more today than the purchase price of approximately $350,000. (a copy of the May 7, 2008 Home Loan Statement and the Payoff Statement concerning the mortgage on the real property are annexed hereto as **Exhibit A**). In addition, Magistrate Judge Bloom ordered that Mr. Saani's Diplomatic Passport would be held as a condition of the bail. It was represented and accepted that Mr. Saani and his wife arrived in the United States and were

traveling only with their Diplomatic Passports and the United States Government held Mr. Saani's Diplomatic Passport at the time of his arrest. Furthermore, Magistrate Judge Bloom ordered that once Mr. Saani has established a residence, if not in his home in Illinois, then electronic monitoring should be utilized in his case, however, Magistrate Judge Bloom clearly stated that said electronic monitoring should not impede Mr. Saani's ability to acquire and maintain steady employment. Immediately after Magistrate Judge Bloom granted Mr. Saani's Bail Release Order, the Government requested that same be stayed, which request was orally granted. The proceedings were then adjourned to May 15, 2008, in order for the Government to report to Magistrate Judge Bloom whether or not the United States District Court for the District of Columbia agreed to stay Mr. Saani's release and the Bail Release Order.

On May 15, 2008, the Government represented to Magistrate Judge Bloom that a stay was granted by the United States District Court for the District of Columbia and that the Court would be rendering a decision on Monday, May 19, 2008; therefore, Magistrate Judge Bloom adjourned the matter until Monday, May 19, 2008 for a status on said decision and informed Mr. Saani that a decision could come sooner. On May 19, 2008, there was no decision from the Court and the matter was adjourned to May 22, 2008 at which time the Government provided the Defendant with a copy of their Memorandum in Support of its Motion for Stay and Revocation of the Release Order.

## Argument

The District Court's authority to grant bail in extradition cases is rooted in the Supreme Court's decision in <u>Wright v. Henkel</u>, 190 U.S. 40, 47 L. Ed. 948, 23 S. Ct. 781 (1903). The Court's opinion in <u>Wright</u> did not bestow the power to admit bail on "justices" or "judges of the

United States" or "commissioners." Rather the Supreme Court vested that power in "courts." *Wright*, 190 U.S. at 63.

Pursuant to Title18 U.S.C. § 3141, the Magistrate Judge before whom the Defendant is brought is required to order that such person be detained or released pending judicial proceedings. That order is subject to review and appeal pursuant to Title 18 U.S.C. § 3145, which provides for review of the Magistrate Judge's order by the District Court, with an appeal to a Circuit Court of Appeals.

Title 18 U.S.C. § 3145 provides in the part here pertinent as follows: "…the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release; and the person may file, with the court having original jurisdiction over the offense, a motion for amendment of the conditions of release." Thus, under the statute, either the Government or the defendant may seek review of the magistrate judge's release order in the district court and the defendant may seek review of the magistrate judge's detention order in the district court.

When the district court acts on a motion to revoke or amend a magistrate's pretrial detention order, the district court acts de novo and must make an independent determination of the proper pretrial detention or conditions for release. United States v. Fortna, 769 F.2d 243, 249 (5th Cir. 1985).

It is well-established that the standard of proof applicable to other kinds of pretrial proceedings is the preponderance of the evidence and that it is also the appropriate burden for establishing risk of flight. See United States v. Chimurenga, 760 F.2d 400, 405-06 (2d Cir. 1985); United States v. Fortna, 769 F.2d 243, 250 (5th Cir. 1985); United States v. Motamedi ,

767 F.2d 1403, 1406-07 (9th Cir. 1985); United States v. Orta, 760 F.2d 887, 891 (8th Cir. 1985).

The Government has not met its burden by the preponderance of the evidence in its Motion. First, Mr. Saani has significant, longstanding community ties which rebut the Governments contentions that he is a "flight risk." Second, the combination of conditions set forth in the Bail Release Order by Magistrate Judge Bloom are reasonable to assure Mr. Saani's appearance in court. Third, the Government has merely provided unsubstantiated allegations and contentions to support its Motion.

   1.    **Mr. Saani has significant, longstanding community ties.**

Mr. Saani is a United States Citizen who has lived in the United States of America since November 1977, who has earned two college degrees in the United States, has been gainfully employed in the United States and owns real estate in the United States of America.

Mr. Saani grew up in the United States with his two brothers who are United States Citizens and still reside in the United States in the State of Ohio, both of whom own their homes and live with their respective wives and families.

Mr. Saani also has a family, to wit, a wonderful wife and four children, all of whom are United States citizens, and Mr. Saani also owns his home in the State of Illinois. Mr. Saani's two eldest children live on their own in the United States and his daughter Rashida Saani is married and living in Florida with her husband. Furthermore, Mr. Saani has two adopted children, ages three and four, both of whom live with him and his wife and are currently in the United States, having traveled back to the United States with him and his wife from Kuwait. Mr. Saani's

immediate family members all reside in the United States of America and own homes and have created families and roots in the United States similarly to Mr. Saani.

Moreover, Mr. Saani's wife, children and brothers have appeared on his behalf in United States District Court for the Eastern District of New York on each and every Court Date.

Mr. Saani does not own his residence in Kuwait and his employment in Kuwait has ended. Mr. Saani was returning to the United States to continue his employment with the United States Air Force at Dobbins Air Force Base in Georgia. Mr. Saani has an unblemished record with the United States Air Force for whom he has worked for approximately twenty four years.

Mr. Saani's biographical history exemplifies a person of stability and strong community ties who does not pose a flight risk and provides reasonable assurance that he will appear in Court to address the one charge against him.

2. **The Bail Release Order by Magistrate Judge Bloom is reasonable to assure Mr. Saani's appearance in Court.**

Magistrate Judge Bloom set a $500,000 bond, which was signed by Mr. Saani's wife and his both his brothers. In addition, Mr. Saani's brother pledged his family home as security for the bond. The home is worth more than $350,000 and has a minimum of at least $118,000 in equity. Also, Mr. Saani's passport would remain held by the Government as a condition of the Release Order.

Notably, Mr. Saani was searched and his passport was taken during his arrest on May 7, 2008, when he was entering the United States at JFK Airport. Although he has a U.S. Passport and Ghanian Passport, both passports are in Kuwait and he does not have access to them while in the United States of America. Therefore, the retention of his Diplomatic Passport by the Government sufficiently restricts Mr. Saani's ability to travel and renders him incapable of traveling to Kuwait to retrieve his other passports.

The foregoing combination of conditions creates a reasonable assurance that Mr. Saani will return and appear in Court.

### 3. Government has merely provided unsubstantiated allegations to support their Motion.

The Government relies on creating negative implications from the statements they make in support of their instant motion.

The Government states in their Memorandum that Mr. Saani "…has not been a resident of the United States for over a decade…" in a lame hope of creating a false impression of Mr. Saani's community ties. Regrettably, the Government did not tell the Court that they knew he was contracted by the United States Air Force to work and live in Kuwait and has made trips to the United States during the tenure of his employment in Kuwait, that he pays taxes as a citizen and resident of the United States and owns his home in the United States.

The Government also states in their Memorandum that "…since his arrest, the Air Force has indicated to the Government that the position in Georgia is no longer available to Saani," yet the Government fails to apprise the Court that Mr. Saani was also interviewing with a job at the State Department on May 15, 2008 (which he could not attend), nor does the Government inform the Court that Mr. Saani is capable of obtaining and securing other employment.

Moreover, the Government attempts to ominously state that Mr. Saani "…has amassed millions of dollars," however, there is no crime in amassing millions of dollars nor has the Government charged Mr. Saani with any crime associated with the amassing millions of dollars. Instead the Government is attempting to create an ominous and negative tone by simply stating that Mr. Saani "…has amassed millions of dollars." The Government again has failed to share and reveal the fact that Mr. Saani has worked for the Government for approximately twenty four years and has lived virtually expense free, thereby allowing him to save and "amass" his salary for twenty four years. *In arguendo*, if Mr. Saani simply and merely worked for 24 years for $100,000 a year and saved his salary, he would have $2.4 Million Dollars.

Lastly and notably, the Government obtained their Warrant for Arrest on March 25, 2008 and was aware that Mr. Saani was a civilian employee with the United States Air Force. The Government not only knew where Mr. Saani was, but knew how to contact him, yet, the Government waiting more than a month to apprehend Mr. Saani and made no effort to contact him or facilitate his surrender. Instead, the Government waiting for Mr. Saani to return to the United States.

9

Based on the foregoing, it is respectfully submitted that the bail conditions set by Magistrate Judge Bloom are sufficient to reasonably assure Mr. Saani's appearance in the District of Columbia and accordingly, this Court should deny the Government's motion and release Mr. Saani pursuant to the Release Order.

Dated this 27th day of May, 2008

                                        Respectfully submitted,

By: _____
Peter Toumbekis, Esq. – "of counsel"
Mark Jay Heller, Esq.
Attorneys for Defendant
Heller & Heller
425 Park Avenue – 5th Floor
New York, NY 10022
(212) 737-4490

WaMu

20029077
Page 1 of 4

# Home Loan Statement
# May 2008

Customer Service: Toll free 1.866.926.8937 Se habla español
TDD: Dial 7-1-1 for relay assistance
For a refinance or purchase loan, call 1.866.888.5935
www.wamu.com

AHMED R SAANI                               20029077

| | |
|---|---|
| Statement Date: | May 07, 2008 |
| Activity Since: | April 11, 2008 |
| Your Loan Number: | |

### Your Property and Loan Information

Property Address:

| | | |
|---|---|---|
| Principal Balance: | $ | 231,479.73 |
| Interest Rate: | | 5.87500% |
| Escrow Balance: | $ | 2,560.95 |

### Your Next Payment

| | | |
|---|---|---|
| Next Payment Due: | | June 01, 2008 |
| Principal and Interest: | $ | 1,501.46 |
| Escrow: | $ | 475.25 |
| Current Payment: | $ | 1,976.71 |
| Total Amount Due :* | $ | 1,976.71 |

### Important Messages

* To avoid a late charge of $75.07, we must receive your payment of principal, interest, and any escrow deposits and/or past-due payments by 06/16/08 during our business hours. If this date falls on a weekend or holiday, your payment must be received by the next business day.

Please see the reverse side for Recent Account Activity.

### Did You Know?

Whether you are dreaming of a new home or a vacation home, refinance or renovation, we will help you explore meeting your dreams. Think of WaMu first to get the home loan you want quickly and easily. Choose from a wide variety of loans, and enjoy friendly, expert service. Let us show you your options - just ask us! Call 866.353.7198.

Give the perfect gift for Mother's Day, Father's Day or Graduations - a WaMu® MasterCard® Gift Card. Enjoyed anywhere Debit MasterCard is accepted, you save time and your recipient can buy what they want. Go to wamu.com/giftcard and buy one today. Check website for details. Gift Card is not FDIC insured.

It is not necessary to send us your regular current real estate tax bill unless we request it. In most cases, the current real estate tax bill is a copy of the bill the taxing authority has already supplied to the mortgage company for loans with an escrow account. It is generally the customer's responsibility to pay supplemental, occupancy and special assessment bills.

### Year to Date Account Activity

| | | |
|---|---|---|
| Principal Paid: | $ | 1,960.53 |
| Interest Paid: | $ | 5,696.77 |
| Property Taxes Paid: | $ | 2,265.98 |
| Insurance Paid: | $ | 0.00 |

---



Washington Mutual Bank    908-B
COLD056C                  20029077

7760 0278  J6G  001  07  0  080805   PAGE 1 of 4

WaMu   908-B

AHMED R SAANI

Loan Number:
Statement Date:          May 07, 2008

Please write your loan number on your check.
Make check payable to Washington Mutual.

Please check here if change of address or telephone number is indicated on the reverse side of this form.

WASHINGTON MUTUAL
PO BOX 9001123
LOUISVILLE KY 40290-1123

Please allow 7-10 days for postal delivery.

| | | |
|---|---|---|
| Payment Due Date: | | June 01, 2008 |
| Current Payment: | $ | 1,976.71 |
| Total Amount Due: | $ | 1,976.71 |
| If Received After: | | June 16, 2008 |
| Total Amount Plus Late Charges: | $ | 2,051.78 |

| | | |
|---|---|---|
| Late Charges | + | _____ |
| Additional Principal | + | _____ |
| Additional Escrow | + | _____ |
| Future Payments | + | _____ |
| Total Amount Enclosed | = | _____ |

0000000 0000000 0000000 5303055882 0197671 0007507 0197671 5

**WaMu**

**Making Your Monthly Payments**

- **By mail:** Mail your check, along with the bottom portion of this statement, in the enclosed envelope
- **In person:** Drop off your payment at any Washington Mutual financial center
- **Automatic payments:** Make payments automatically from your checking or savings account with our easy and convenient Auto Pay service - just call us toll free at 1 866 926 8937 to set up a payment schedule
- **Payment by phone:** Set up a one-time withdrawal from a checking or savings account on a date specified by you. A fee will be assessed for this type of transfer. Call us toll free at 1 866 926.8937 to make a payment by phone.
- **Notice About Electronic Check Conversion:** When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction. When we use information from your check to make an electronic fund transfer, funds may be withdrawn from your account as soon as the same day we receive your payment, and you will not receive your check back from your financial institution.

**Have Questions? Need Mailing Addresses?**

At Washington Mutual, customer service is our top priority. If you have general questions about your loan, please call our Customer Service Department toll free at 1.866 926 8937, se habla español or write to us at the "Customer Service Inquiries" address noted below TDD: Dial 7-1-1 fo assistance. (Calls received by our Customer Service Department may be monitored for training purposes.)

Please use the addresses below for other payment or correspondence needs.

**Customer Service Inquiries:**
Washington Mutual Bank
PO Box 100576
Florence, SC 29501-0576
Fax: (843) 673-3507

**Payment without a Coupon:**
Washington Mutual
PO Box 9001123
Louisville, KY 40290-1123

**Real Estate Tax Bills:**
Washington Mutual Bank
c/o First American RE Tax Service
1 First American Way
Westlake, TX 76262

**Overnight Payment:**
Washington Mutual Bank
6716 Grade Lane
Building 9, Suite 910
Louisville, KY 40213

**Collections (Letters Only):**
Washington Mutual Bank
PO Box 44118
Jacksonville, FL 32231-4118
Fax. (800) 246-4601

**Overnight Payoffs:**
Washington Mutual Bank
Attn: Payoff Unit
7255 Baymeadows Way Suite 908
Jacksonville, FL 32256

**Property Insurance:**
Washington Mutual Bank
PO Box 100590
Florence, SC 29501-0590
Fax: (843) 413-2048

**Loss Draft:**
Washington Mutual Bank
PO Box 100565
Florence, SC 29501
Fax (843) 673-3923

Washington Mutual has loan offices and accepts loan applications in: Washington Mutual Bank - many states; Washington Mutual Bank, doing business as Washington Mutual Bank, FA - many states; and Washington Mutual Bank fsb - ID, MT, UT

We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report.

**Recent Account Activity**

| Date | Description | Total Amount | Principal | Interest | Escrow | Optional Products | Unapplied Funds/Subsidies | Other Fees/ Late Charges |
|---|---|---|---|---|---|---|---|---|
| 05/07 | Payment | $1,976 71 | $365 65 | $1,135 81 | $475 25 | | | |
| 05/07 | Principal Payment | $150 00 | $150 00 | | | | | |

**Has your mailing address or phone number changed?**

If so, please update your information online at www.wamu.com, where you can also view your recent account activity. Alternatively, you may check the box on the front of this payment coupon and fill in the correct information below.

Street Address: _____

City _____  State: _____  Zip: _____

Home Phone _____  Business Phone _____

E-mail Address: _____

Name (please print): _____  Borrower Signature. _____

Name (please print). _____  Borrower Signature _____

```
                    PAYOFF STATEMENT                    XP431
                        05-12-08

TO: Saani,Ahmed R           RE: Loan Number:
    Ahmed R Saani               Client Number: 908-0
                                Ahmed R Saani




TO: SAANI,AHMED R                 FAX NUMBER: 6142443066
Loan Type - Conventional
*******************************************************************
PAYOFF FIGURES MUST BE VERIFIED WITHIN 24 HOURS PRIOR TO PAYOFF.
If we receive an insufficient amount to pay off the loan, we must
receive funds to cover the deficiency by 3:00 ET on the same
business day. If we do not receive the funds to cover the
deficiency by 3:00 ET on the same business day, we will return the
payoff funds in the same manner as they were remitted. Interest
will continue to accrue, late charges may be incurred, and other
activity or transactions may take place on the loan until sufficient
funds are received to pay the loan in full.
****PLEASE CALL TOLL FREE 1-866-926-8937 TO VERIFY PAYOFF FIGURES****

                         AMOUNTS DUE
A. The next payment due date is 06-01-08. Payment of the following
   amounts are required to pay the loan in full on 05-12-08:
   Current Total Unpaid Principal Balance     $      231,479.73
   Interest to 05-12-08                       $          409.85
   Recording Cost                             $           32.00*
   Total amount to Pay Loan in Full on 05-12-08 $    231,921.58

B. The following amounts are additional fees and costs that are due
   relating to this loan:
   Payoff Statement Fee                       $           30.00**
   Reconveyance Fee                           $             .00
TOTAL AMOUNT DUE                              $      231,951.58
   *Please exclude the Recording Cost if the transaction involves a
   Consolidation, Extension and Modification Agreement or the
   sale or refinance of a cooperative unit.
   **Payoff Statement Fee is due from the requesting person or entity.
If not paid in full by 05-12-08, add a per diem of $ 37.26.
```

XP431

Payoff Statement (Continued)   Page 2 of 4
05-12-08                        Loan Number

PAYOFF FIGURES MUST BE VERIFIED 24 HOURS PRIOR TO PAYOFF. ADDITIONAL AMOUNTS MAY BE INCURRED THAT CHANGE THE PAYOFF AMOUNT.
The total amount necessary to pay off the loan is subject to final verification from the note holder. Washington Mutual reserves the right to adjust these figures at any time for any reason. This includes, but is not limited to, an error in calculating the payoff amount, dishonored payments, disbursements with escrow accounts, advances and adjustments made from the date of this Statement to the crediting of the payoff funds. You may not rely on the "Total Amount" due shown unless you confirm those amounts by contacting Washington Mutual toll free at 1-866-926-8937.

The per diem interest amount applies to conventional and VA loans and is valid only until the earlier of 05-12-08 or, if the loan is an adjustable rate loan, the next interest rate change date. This per diem interest amount does not apply to FHA loans, other than FHA loans originated in Illinois on or after January 1, 1986. Failure to pay all other FHA loans in full on a monthly payment due date will result in another month's interest accruing and being due on the loan at payoff. Interest will be charged to, but not including, the day payoff funds are received. PAYOFF FUNDS RECEIVED ON A MONDAY MUST INCLUDE INTEREST FOR THE PRECEDING SATURDAY AND SUNDAY. A late charge of $ 75.07 will be assessed and added to the total amount due if any payment is not received within 15 days after the due date.

ALL REMITTANCES MUST BE MADE BY CASHIER'S CHECK, CERTIFIED FUNDS, OR WIRE TRANSFER. FUNDS MUST BE RECEIVED BY 3:00 ET.

CHECK REMITTANCE:                WIRE REMITTANCE:
Washington Mutual                Washington Mutual
Attn: Payoff Unit, STE 908       ABA Number:
7255 Baymeadows Way              Beneficiary: Washington Mutual Bank
Jacksonville, FL 32256           Beneficiary Acct:
                                 OBI Text: Ahmed R Saani
                                 Loan Payoff Number:

-Include borrower's name, loan number and property address on check.
-Wire must be formatted exactly as shown above. Do not use Bank to
 Bank Information (BBI). Remitter's name, phone number, and fax
 number must be referenced on the wire.

                            LO-XP431-046-$1X.5047.030806

XP432

Payoff Statement (Continued)      Page 3 of 4
05-12-08      Loan Number

PAYOFF REVERSALS
Any requests to reverse a payoff must be submitted in writing and sent by fax to 469-948-9510. Remitter will be held liable for costs incurred for a payoff reversal due to a remitter error.

ESCROW/IMPOUND ACCOUNT
If property taxes, insurance, or other items are paid through an escrow account, Washington Mutual will continue to pay those items as scheduled until the loan is paid in full. The borrower remains obligated for any escrow/impound overdraft caused by any escrow payment made after the date of this statement in accordance with the terms of the loan documents and applicable law. Any remaining escrow/impound balance will be released after the payoff date.

MONTHLY HOME LOAN PAYMENTS
DO NOT PLACE A STOP PAYMENT ON ANY PAYMENT ALREADY MADE, AS THIS COULD RESULT IN A DELAY IN THE LOAN PAYOFF AND ADDITIONAL INTEREST AND OTHER CHARGES. Issuance of this statement does not suspend the requirement to make loan payments when and as due under the loan contract. If a scheduled monthly payment is not received before the expiration of any grace period, a late charge will be assessed and will be added to the balance due on the loan at payoff. Payments received more than 30 days after the payment due date are reported as late to the consumer reporting agencies. Overpayments will be refunded to the borrower promptly after the loan is paid in full.

CANCELLATION OF AUTOMATIC PAYMENTS
It is the borrower's responsibility to cancel any automatic payment arrangement. Washington Mutual's Auto Pay service will continue to withdraw payments unless cancellation is requested and received by Washington Mutual at least 10 business days before the scheduled withdrawal date. Cancellation of a third party payment service is the responsibility of the borrower.

LIEN RELEASE
The lien release or reconveyance of the security instrument will be mailed in accordance with applicable laws and the loan documents. The lien will not be released or reconveyed if any funds previously received are rejected by the bank upon which the funds are drawn or an insufficient amount is received to pay the loan in full as shown in Section A on page 1.

LO-XP432-011-$1X.5048.030806

XP432

Payoff Statement (Continued)                          Page 4 of 4
05-12-08                                              Loan Number

Closing agents: To expedite the lien release or reconveyance process,
please provide us with a copy of Schedule B or the recorded security
instrument for the loan being paid in full. If you have any questions
regarding release of the loan, please send your correspondence to
the Lien Release Department, 7255 Baymeadows Way, JAXF1020,
Jacksonville, FL 32256 or fax to 904-486-2932.

IF YOU ARE PAYING OFF A LOAN ON A COOPERATIVE UNIT
If a loan on a cooperative unit is being refinanced or the unit is
being sold to another party, you must fax a request for the
collateral documents to Washington Mutual's Co-op Unit at
904-486-2919. Please allow 30 days from the date of request for
the delivery of the collateral documents.

NEW YORK CONSOLIDATION, EXTENSION AND MODIFICATION AGREEMENTS
If the transaction may involve a Consolidation, Extension, and
Modification Agreement, you must call Washington Mutual's Customer
Service Department toll free at 1-866-926-8937 or send your written
request to Washington Mutual Bank's Assumption/Modification/MECA
Department by e-mail to nyconreqmi@wamu.net or fax to 843-673-3902.

FHA LOANS: FHA DISCLOSURE
Unlike principal (which is paid in the current month's mortgage
payment), interest earned by the lender in the previous month must
be paid in the next month's mortgage payment since the interest must
be earned by the lender before it is owed by the borrower. The
interest being charged to the next installment due date with regard
to prepayments is in fact interest that was earned the previous
month and has yet to be paid by the borrower.

ADDRESS CHANGE
Please provide us with the borrower's new mailing address.
This information is required for remittance of any escrow/impound
overage, lien release documents if applicable, and year end tax
documents as applicable.

_____

_____

_____

LO-XP432-011-$1X.5048.030806