UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CRIM. NO. 08-00147 (RJL) |
| ) | |
| vs. ) | |
| ) | |
| TIJANI AHMED SAANI, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM AND ORDER

Before the Court is the Government's Motion for Revocation [6] of United States Magistrate Judge Lois Bloom's Order authorizing release of the above-captioned defendant. This Court is empowered to review a release order by a magistrate judge in another United States District Court for a defendant over whom this Court has original jurisdiction for the offense charged pursuant to 18 U.S.C. § 3145(a). The standard of review is *de novo*. *See United States v. Hudspeth*, 143 F. Supp. 2d 32, 36 (D.D.C. 2001).

In the present case, an arrest warrant was issued for the Defendant by Magistrate Judge Facciola of this Court on March 25, 2008, and Defendant was indicted by a grand jury of this Court on May 16, 2008. Defendant was arrested in New York on May 7, 2008, and subsequently appeared several times before magistrate judges of the United States District Court for the Eastern District of New York. On May 14, 2008, Magistrate Judge Bloom issued an order releasing Defendant on bail (the "Release Order"). On May 15, 2008, this Court stayed the Release Order on the Government's Motion of the same date. Defendant filed his initial memorandum in opposition to the Government's Motion on May 29, 2008, to which the Government filed a reply on May 30, 2008. Defendant filed a supplemental memorandum, with

newly retained counsel, earlier today.

Upon consideration of the arguments and proffers of evidence presented in the filings by both parties, the Court finds that the defendant poses a serious risk of flight such that no condition or combination of conditions will reasonably assure the appearance of the defendant. *See* 28 U.S.C. § 3142(e).  In examining the factors to be considered for detention, *see* 28 U.S.C. § 3142(g), the Court finds the weight of the factors supports continued detention of Defendant. In support of this conclusion, the Court finds as follows:

1. The offense charged is a violation of 26 U.S.C. § 7206(1) (tax perjury).  Defendant is alleged to have falsely reported on his Form 1040 Schedule B no interest in or signature or other authority over a financial account in a foreign country, such as a bank account, when he did in fact have such an interest or authority.  While this is not a crime of violence, nor a terrorism or narcotics offense, it is a crime of deception with direct relevance to Defendant's ability to support himself overseas.  Defendant's alleged access to funds in foreign bank accounts, and Defendant's alleged purposeful and illegal concealment of that access, is directly relevant to Defendant's flight risk.  Thus, the nature and circumstances of the offense charged, *see* 28 U.S.C. § 3142(g)(1), weighs in favor of continued detention.

2. The weight of the evidence against the Defendant, *see* 28 U.S.C. § 3142(g)(2), proffered by the Government without contradiction from Defendant indicates a high likelihood that Defendant committed the crime charged.  The Government has proffered substantial information about numerous foreign bank accounts controlled by Defendant.  Thus, this factor weighs in favor of continued detention.

3.  The history and characteristics of the Defendant, *see* 28 U.S.C. § 3142(g)(3), indicate a serious flight risk and strongly weigh in favor of continuing detention for the following reasons:

    a.  Defendant's family ties to any particular location in the United States are limited. Defendant has two brothers living in Columbus, Ohio, one adult daughter living in Orlando, Florida, one adult daughter living in Nashville, Tennessee, and a number of in-laws living in the Chicago, Illinois area. In addition, the Government proffers that both of Defendant's parents, and half of his siblings, live in Ghana. His brothers living in Columbus, Ohio, are also citizens of Ghana. His wife and minor children lived with him in Kuwait until his arrest in New York on May 7, 2008.

    b.  Defendant is not currently employed. Until recently, Defendant was employed in Kuwait as a civilian employee of the United States Air Force.

    c.  Government proffers indicate that the Defendant has access to substantial sums of money in foreign bank accounts, including bank accounts in his home country of Ghana. The Government has proffered evidence, undisputed by Defendant, that Defendant has amassed some $4 million over the past six years, with one bank account in the Jersey Channel Islands holding some $700,000 until it was closed in July 2007. The Government has identified additional bank accounts controlled by Defendant in The Netherlands and the United Kingdom.

    d.  Defendant has not lived in the United States for the past fourteen years, having lived in Kuwait since 1994.

3

e. Defendant has only very limited community ties to any particular community in the United States. Prior to living overseas, Defendant moved frequently from state to state, living in different communities for approximately three years each. Defendant does own a home in Flossmoor, Illinois that he apparently visits three to four times per year, but the only evidence presented by Defendant that he has ever lived at that home for a significant enough period to develop community ties is his wife's expired Park Forest, Illinois public library card, listing a different address in Olympia Fields, Illinois.

f. In addition, at the time of his arrest, Defendant states he was planning to report for work in June at the Air Force Base in Dobbins, Georgia, and was also exploring a possible position with the State Department in the District of Columbia. Neither of these locations are within regular commuting distance of Flossmoor, Illinois, nor are they very near any of the locations in which Defendant reports having ties to relatives (the closest nexus is the some 200 miles between Dobbins, Georgia and Nashville, Tennessee).

g. Defendant is a citizen of both Ghana and the United States, and until recently held passports from both countries. While Defendant's various passports have now apparently been seized by the Government, Defendant may still be able to effect reissuance of his Ghanian passport.

h. Defendant is a sophisticated international traveler who has traveled throughout Europe, the Middle East, and Africa. In addition, two countries with which Defendant has close ties, Ghana and Kuwait, do not have an extradition treaty

      with the United States.

4.    The nature and seriousness of the danger to any person or the community that would be posed by the Defendant's release, *see* 28 U.S.C. § 3142(g)(4), would appear to be minimal. This is the only factor which mitigates against continued detention.

Thus, three of the four factors to be considered under 28 U.S.C. § 3142(g) weigh in favor of detention, and the third factor in particular indicates a serious flight risk and thus weighs strongly in favor of detention. Therefore, I hereby **REVOKE** the Release Order issued on May 14, 2007. I also hereby **ORDER** that the Defendant be transferred, in custody, to the District of Columbia to face the charge here pending. Upon arraignment, the assigned District Judge may review Defendant's bond status de novo.

    **SO ORDERED.**

_____      6/2/08
Royce C. Lamberth, Chief Judge      Date

Case 1:08-cr-00147-RJL    Document 19    Filed 06/02/2008    Page 6 of 6