UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | Criminal No. 08-147 (RJL) |
| v. ) | |
| ) | |
| **TIJANI SAANI,** ) | |
| ) | |
| Defendant. ) | |

**JOINT MOTION FOR PROTECTIVE ORDER**

All parties to this action respectfully request that the Court enter the Proposed Protective Order concerning the disclosure of all discovery material, and as grounds therefor respectfully states as follows:

The charges in this case arise from an ongoing investigation of procurement fraud in Kuwait and Iraq conducted by numerous government agencies including the Army Criminal Investigation Division; Defense Criminal Investigative Service; Department of Homeland Security, Immigration and Customs Enforcement; Federal Bureau of Investigation; Internal Revenue Service, Criminal Investigation Division; and the Special Inspector General for Iraqi Reconstruction.  The United States has acquired significant evidence implicating several other subjects, and the investigation remains covert as to many of those individuals and corporate entities.

The United States is preparing to produce discovery materials to the defendant and requests that the Court enter a protective order prohibiting the defendant and his counsel from making further disclosures of all such discovery materials except as necessary to prepare a defense and to present a defense in court.  The United States submits that there exists a

1

substantial likelihood that the public disclosure of certain information contained in the discovery materials could pose a threat to the safety of certain individuals and compromise ongoing criminal investigations.

For instance, pursuant to Rule 16 of the Federal Rules of Criminal Procedure, the United States intends to disclose, at the appropriate time, documents obtained from confidential sources, sealed search warrants, applications, and supporting affidavits. Disclosure of the information contained in these documents to the public, to counsel not of record in the present case and anyone else, would reveal the identities of potential cooperating witnesses. The United States respectfully submits that these and other discovery materials should not be disclosed to the general public, to attorneys outside the present case or anyone else, as such disclosure may adversely affect the ongoing covert investigation and threaten the safety of certain individuals.

The United States recognizes the defendant's need to use these discovery materials in order to prepare and present an effective defense at trial. The proposed Order therefore allows the defendant uninhibited use of the discovery materials for those legitimate purposes, while protecting the United States's significant interests in preventing public disclosure of the materials.

Wherefore, the United States respectfully requests that the Court enter the proposed protective order directing the defendant and his counsel to use the discovery materials solely to prepare and present a defense and directing that they be prohibited from disclosing the content of any discovery materials except as necessary to achieve those purposes.

Further, United States respectfully moves that this Court include in that order, pursuant to Rule 6(e)(3)(E)(i) of the Federal Rules of Criminal Procedure, (1) authorization of the

disclosure to the above-named defendant of grand jury materials, including certain grand jury transcripts and documents produced to the grand jury or its agents, that must be disclosed pursuant to the Jencks Act, 18 U.S.C. § 3500, Rule 16 of the Local Rules of Criminal Procedure for the District of Columiba, Rules 16 and 26.2 of the Federal Rules of Criminal Procedure, and *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny; and (2) limitations on the extent of disclosure of the materials produced to the Defendant and the purposes for which that disclosure may be made.

Respectfully submitted,

| | |
|---|---|
| LISA PHELAN, Chief<br>National Criminal Enforcement Section<br>Antitrust Division | WILLIAM M. WELCH II, Chief<br>Public Integrity Section<br>Criminal Division |
| By: */s/ Ryan Danks*<br>EMILY W. ALLEN<br>MARK W. PLETCHER<br>RYAN DANKS<br>Trial Attorneys<br>United States Department of Justice<br>Antitrust Division<br>National Criminal Enforcement Section<br>450 5th Street, N.W., 11th Floor<br>Washington, DC 20530<br>Telephone: (202) 305-0128<br>Facsimile: (202) 514-6525<br>mark.pletcher@usdoj.gov<br>emily.allen@usdoj.gov<br>ryan.danks@usdoj.gov | By:*/s/ Kathryn Albrecht*<br>ANN C. BRICKLEY<br>KATHRYN ALBRECHT<br>RICHARD B. EVANS<br>Trial Attorneys<br>United States Department of Justice<br>Criminal Division<br>Public Integrity Section<br>1400 New York Ave., NW, 12th Floor<br>Washington, DC 20005<br>Telephone: (202) 514-1412<br>ann.brickley@usdoj.gov<br>kate.albrecht@usdoj.gov |

Dated: June 16, 2008

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | |
| ) | Criminal No. 08-147 (RJL) |
| v.  ) | |
| ) | |
| TIJANI SAANI,  ) | |
| ) | |
| Defendant.  ) | |

**[PROPOSED] ORDER**

On the motion of the United States and the defendant for an order pursuant to Rule 6(e)(3)(E)(i) of the Federal Rules of Criminal Procedure: (1) authorizing the disclosure to counsel for Tijani Saani ("Defendant") of grand jury materials, including certain grand jury transcripts and documents produced to the grand jury or its agents, that (a) must be disclosed pursuant to the Jencks Act, 18 U.S.C. § 3500; Rules 16 and 26.2 of the Federal Rules of Criminal Procedure; and *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, or (b) should be disclosed in the interest of justice and fairness to enable Defendant to prepare for trial; (2) limiting the extent of disclosure of these materials and the purposes for which such disclosure may be made; and (3) limiting the extent of the disclosure of discovery materials, and it appearing to the court that:

   1.   The United States expects to disclose to the Defendant certain grand jury materials, including grand jury transcripts and documents produced to the grand jury or its agents, which may be relevant to the charges against the Defendant;

   2.   Unnecessary disclosure of grand jury transcripts and documents produced to the grand jury or its agents will frustrate the broad societal interest in grand jury secrecy; and

   3.   Unnecessary disclosure of discovery materials will compromise ongoing criminal

investigations,

It is hereby ORDERED:

1. All discovery material provided by the United States to the defendant through counsel shall be reviewed only by the defendant, his attorneys of record, employees of such attorneys to whom it is necessary that the materials be shown for the purposes of preparation, trial, and appeal of this matter, witnesses or potential witnesses, and experts or consultants assisting in the preparation, trial and appeal of this matter. No additional copies of such materials shall be made except as necessary for the preparation, trial and appeal of this matter. Such witnesses, experts or consultants to whom discovery material is disclosed must be served with a copy of this protective Order prior to disclosures of discovery material to them. The parties must keep a record of their service of this Order in the form of a log showing the name of each person to whom disclosure was made, or by maintaining a copy of this protective Order signed by the person to whom disclosure was made until such time as all appeals in this matter are concluded.

2. All discovery material disclosed by the United States shall be used solely for the preparation, trial and appeal of this matter and for no other purpose whatsoever. The contents or substance of the discovery materials disclosed to the defendant and the defendant's counsel shall not be disclosed to any other individual or entity in any manner except as provided in this protective Order. The parties in this matter, as in all matters pending before this Court, are obligated to comply with standing Orders of this Court regarding making or causing extrajudicial statements to be made.

3. Within 90 days from the conclusion of these proceedings and any direct appeal

from these proceedings, the discovery materials disclosed by the United States and any duplicates made in the preparation, trial and direct appeal of this matter shall be returned to the United States, unless the Court gives specific permission for an exception to this requirement.

It is hereby further ORDERED:

1. The attorneys for the United States may disclose to counsel for the Defendant grand jury materials that (a) must be disclosed pursuant to the Jencks Act, 18 U.S.C. § 3500, Rule 16 of the Local Rules of Criminal Procedure for the District of Connecticut, Rules 16 and 26.2 of the Federal Rules of Criminal Procedure, and *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, or (b) should be disclosed in the interest of justice and fairness to enable Defendant to prepare for trial;

2. Except as permitted by Federal Rule of Criminal Procedure 6(e), this order, or other court order, counsel for any party shall not disclose any transcript or documents or the contents thereof to any other person, provided that, for the sole purpose of preparing for trial:

    a. counsel for any party may use their knowledge of the transcripts or documents to interview prospective witnesses;

    b. defense counsel may show transcripts and documents to the Defendant;

    c. counsel for any party may show a prospective witness or his or her counsel documents and provide a prospective witness or his or her counsel with a transcript of his or her testimony;

    d. counsel for any party may allow secretaries, clerical workers, paralegals and experts retained to assist in the preparation of this case for trial to view the transcripts and documents solely for the purpose of assisting

        counsel to prepare for the trial of this case; and

    e.    counsel for the United States may show documents and transcripts to employees of the United States solely for the purpose of preparing for the trial of this case.

3.    Except as permitted by Federal Rule of Criminal Procedure 6(e), each witness or potential witness to whom transcripts or documents have been shown or their contents disclosed pursuant to paragraph 2 of this order, shall not discuss with or disclose the contents thereof to anyone other than counsel for the parties or his or her counsel, who shall not be permitted to further disclose such material;

4.    Any notes or recorded notations of any kind that defense counsel, their secretaries, clerical workers, paralegals, or experts may make relating to the contents of the transcripts or documents shall not be shown to anyone except their own client, and then only for the sole purpose of the defense of this indictment, and defense counsel shall maintain the confidentiality of these materials pursuant to the terms of this order after this case is disposed of by trial, appeal, if any, or other resolution of the charges against the Defendant;

5.    All transcripts and documents disclosed pursuant to paragraphs 1 and 2 of this order and all copies thereof shall either be promptly destroyed or defense counsel shall maintain the confidentiality of these materials pursuant to the terms of this order after this case is disposed of by trial, appeal, if any, or other resolution of the charges against the Defendant;

6.    Nothing contained herein shall restrict or prevent any party from offering any materials into evidence or citing any materials in court papers filed in this case; and

7.    The parties may apply to the court for a modification of this order at any time.

DATED _____.

                                              THE HONORABLE RICHARD J. LEON
                                              UNITED STATES DISTRICT COURT JUDGE