UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

- against -                                                                08 CR 147 (RJL)

TIJANI AHMED SAANI,

                              Defendant.

## NOTICE OF MOTION FOR REVIEW OF DEFENDANT'S BOND STATUS

        PLEASE TAKE NOTICE that upon the annexed Memorandum of Law, as well as upon the Supplemental Memorandum of Law filed on June 3, 2008, the Defendant Tijani Saani, moves this Court for an Order permitting the defendant's release upon the following conditions: a Personal Recognizance Bond in the amount of $500,000, co-signed by the defendant, his wife, his two brothers, and secured by two

25 8th Avenue

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
───────────────────────────────────────────

UNITED STATES OF AMERICA,

    - against -                                                      08 CR 147 (RJL)

TIJANI AHMED SAANI,

                                       Defendant.

───────────────────────────────────────────

MEMORANDUM OF LAW IN SUPPORT OF
THE DEFENDANT TIJANI SAANI'S MOTION
FOR DE NOVO REVIEW OF BAIL STATUS

                                        PATRICIA A. PILEGGI
                                        747 3rd Ave.
                                        32nd Floor.
                                        New York, NY 10017
                                        (212) 425 – 3391
                                        ppileggi@paplaw.com

                                        SUSAN G. KELLMAN
                                        25 8th Avenue
                                        Brooklyn, New York 11217
                                        (718) 783-8200
                                        kellmanesq@aol.com

                                        JOHN LAURO
                                        Lauro Law Firm
                                        101 East Kennedy Boulevard
                                        Suite 3100
                                        Tampa, Florida 33602
                                        (813) 222-8990
                                        jlauro@laurolawfirm.com

## PRELIMINARY STATEMENT

The defendant Tijani Saani requests that this Court review his bond status. Mr. Saani has been in custody since the date of his arrest in New York, on May 7, 2008. It is respectfully submitted that, in light of Mr. Saani's ties to the United States and the nature of the offense that he has been charged with, one count of filing a false tax return, that the conditions of release set by a United States magistrate in the Eastern District of New York are more than sufficient to assure the defendants appearance at these proceedings.

## PRIOR PROCEEDINGS

Tijani Saani was arrested on May 7, 2008. After several court appearances before Magistrate Judges in the Eastern District of New York, Magistrate Judge Bloom ordered the defendant's release on a $500,000 personal recognizance bond, secured by the signatures of his wife, his two brothers in Ohio, a confession of judgment on one brother's residence in Ohio, the surrender of his passports, and electronic monitoring. That decision was appealed to United States Chief Judge Lamberth, who revoked the release order. In his order, Chief Judge Lamberth noted. "Upon arraignment, the assigned District Judge may review defendant's bond status de novo."

It is respectfully submitted that Chief Judge Lamberth did not give sufficient weight to the nature of the offense that has been charged, to Tijani Saani's ties to the United States and his ties to Flossmoor, Illinois in particular. A detailed discussion of the relevant facts and applicable law is contained in Tijani Saani's Supplemental Memorandum of Law, filed on June 3, 2008. Certain relevant facts and legal principals are summarized below.

**ARGUMENT**

The Bail Reform Act embraces a presumption against detention. "In our society liberty is the norm and detention prior to trial or without trial is the carefully limited exception." *United States v. Gloster*, 969 F. Supp. 92, 96 – 97 ( D. D.C. 1997) (quoting *United States v. Salerno*, 481 U. S. 739, 755, (1987)). The Bail Reform Act requires the release of the defendant on the "**least restrictive**" conditions necessary to "reasonably assure the appearance of the person as required and the safety of any other person and the community." *See* 18 U.S.C. § 3142 (c) (1) (B) (emphasis added). When seeking detention of an individual on the ground that he poses a risk of flight, the government is required to establish by a "preponderance of the evidence" that no combination of conditions can "reasonably" assure that the defendant will appear for trial. *See United States v. Xulam*, 318 U.S.App.D.C.1 (D.C. Cir. 1996)(Government failed to establish risk of flight in case involving a non-citizen, charged with making a false statement on a passport application, who was facing deportation to a country where he was likely to be persecuted); *United States v. Himler*, 797 F.2d 156 (3d Cir. 1986)(Government failed to establish risk of flight by a preponderance of evidence despite the fact that the defendant had a prior conviction involving fraudulent identification; family ties and past record of appearing in court as required diminished defendant's flight risk). Applying these legal principles to this case, it is respectfully submitted that, given the nature of the charge pending against Tijani Saani, as well as his ties to the United States, the bond set by Eastern District Magistrate Bloom will assure Tijani Saani's presence at all future proceedings.

The Investigation

It it appears that the government has been conducting a criminal investigation of Tijani Saani for the past nine months or longer. That investigation has resulted in the return of a

3

one count indictment charging that he intentionally filed a false U.S. tax return for the year 2005. Although the Government has stated on a number of occasions that its investigation is continuing, to date, the Government has not provided any court with any information as to when, if at all, it intends to supersede the one count indictment with additional charges. As time passes, it becomes less likely that the Government will seek a superseding indictment.

### Risk of Flight

Critical to an analysis of risk of flight is a consideration of the likely term of imprisonment in the event of a conviction. Obviously, the greater the likely term of imprisonment, the greater the risk of flight. Under the United States Sentencing Guidelines, the Offense Level for Title 26, U.S.C. §7206(1) is a level 6. That offense level calls for a sentence of 0 to 6 months. U.S.S.G. §§2S1.3, 2T1.1. In light of the fact that Mr. Saani has no prior convictions, he has already been incarcerated for longer than he is likely to be imprisoned in the event of a conviction.

It is important to note, however, that Mr. Saani intends to proceed to trial on this charge. When analyzing the likelihood of conviction, it is important to recognize that the Government will be required to prove three elements beyone a reasonable doubt: (1) that the tax return was false; (2) that it was false as to a material matter; and (3) that the defendant knew that the return was false. Based upon our initial investigation, we believe that the government faces substantial obstacles in proving each of these elements beyond a reasonable doubt.

Tijani Saani has substantial ties to Flossmoor, Illinois. Tijani Saani purchased a home in Flossmoor, Illinois during 20002. He and his wife purchased this residence in order to be close to Barbara Saani's many family members in Illinois. Barbara Saani has four brothers and one sister who reside in the Chicago area – not far from the Saani's Flossmooor, Illinois

4

residence. She has an elderly uncle and aunt who also reside in Chicago. For the past six years, the Saani's have returned to their Flossmoor home between three and four times a year to spend time with family members who reside in Illinois, Ohio and elsewhere in the United States. That home is used exclusively by the Saani's. The Saani's intended to reside in this home permanently once Mr. Saani retired.

The Government inaccurately stated, in its initial Memorandum appealing Magistrate Bloom's decision, "There is no evidence that Saani ever lived in the Flossmoor, Illinois residence." (Government Brief, page 5). We have documented the fact that the Saani's pay for utilities for this home, as well as a variety of other services in order to maintain this home, including lawn service; garbage disposal; electricity; and property taxes. Both Barbara and Tijani Saani have doctors in Flossmoor, Illinois.

In addition, Mr. Saani, his wife, and his four children are all United States citizens. His two adult daughters live and work in Orlando, Florida and Nashville, Tennessee. He has two brothers who reside in Columbus, Ohio. Barbara Saani's remaining brother and sister reside in Ohio and Wisconsin.

Mr. Saani has been employed by the United States Air Force for his entire career – twenty-two years. He has an unblemished record with the United States Air Force and, at the time of his arrest, was three years away from retirement. Mr. Saani intends to contest this charge, and to resume his employment with the United States Air Force so that he may retire with a full pension.

In the event that this Court concludes that electronic monitoring would be appropriate in this case, Mr. Saani would reside and be subject to the electronic monitoring at his Flossmoor, Illinois home. He has no reason to live at any other location – as a result of his

5

arrest in this case, Mr. Saani has lost his job with the Air Force, as well as the opportunity to work with the State Department in the District of Columbia.

In addition, if the Court decided that it was necessary, the Saanis would be willing to obtain a confession of judgment securing the bond with their Flossmoor home.

## **CONCLUSION**

Mr. Saani has no motive to fail to appear for proceedings in this case. Realistically, he is not facing a term of imprisonment, much less a lengthy term of imprisonment. He is not facing deportation proceedings. He has no reason to cause financial harm to the family members who have agreed to sign the bond. He has many family members in the United States, and absolutely no desire to sever ties with these relatives. He has every reason to reside in his Flossmoor Illinois home, which is close to many family members. He fully intends to appear at all proceedings in this case.

Dated: New York, New York
      June 18, 2008

Respectfully submitted,

/s/Patricia A. Pileggi
Patricia A. Pileggi, LLP
747 Third Avenue
32nd Floor
New York, NY   10017
ppileggi@paplaw.com

SUSAN G. KELLMAN
25 8th Avenue
Brooklyn, New York 11217
(718) 783-8200
kellmanesq@aol.com

JOHN LAURO
Lauro Law Firm
101 East Kennedy Boulevard
Suite 3100
Tampa, Florida 33602
(813) 222-8990
jlauro@laurolawfirm.com

## CERTIFICATE OF SERVICE

      I hereby certify on this 18th day of June 2008, that I electronically filed before going with the clerk of the court using the CM/ECF and sent a copy of the above by facsimile and/or electronic mail to the following:

ANN C. BRICKLEY
KATHRYN H. ALBRECHT
RICHARD B. EVANS
Trial Attorneys
Public Integrity Section
1400 New York Ave, N.W.
Washington, DC   20530
Ann.Brickley@usdoj.gov