# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 08-147 (RJL) |
| ) | |
| TIJANI A. SAANI ) | |
| ) | |
| **Defendant** ) | |

**MOTION OF THE UNITED STATES TO SET A TRIAL DATE AND
EXCLUDE TIME UNTIL THEN UNDER SPEEDY TRIAL ACT**

The United States respectfully moves this Court to set a trial date for this case and exclude all time beginning with the date of the Defendant's arrest, May 7, 2008, until that trial date from the 70-day clock mandated by the Speedy Trial Act, 18 U.S.C. §§ 3161-74. This exclusion of time is independently justified by several provisions of the Speedy Trial Act.

## Background

The Defendant served in Kuwait as a contracting officer for the Department of the Air Force between 2002 and 2007. Beginning in 2002, the Defendant, his wife, and their associates wired millions of dollars from Kuwait to bank accounts in the United States, the United Kingdom, the Jersey Channel Islands, Ghana, and the Netherlands, among other countries.

The Defendant was arrested on May 7, 2008, when he reentered the United States at John F. Kennedy International Airport in the Eastern District of New York. After

delays associated with the appeal of his bail conditions, the Defendant was eventually removed to this District and arraigned on June 20, 2008. On June 23, 2008, the Defendant filed a notice of interlocutory appeal relating to this Court's determination that he should be detained pending trial.

The Defendant is charged with filing a tax return that was false "as to a material matter" in violation of 26 U.S.C. § 7206(1). The material matter that the Defendant allegedly falsified was his ownership or control of foreign bank accounts, which he was required to report on Schedule B of Form 1040. For the tax year 2005, the Defendant and his wife submitted a tax return that did not acknowledge the foreign bank accounts allegedly under his ownership or control and further did not identify the country in which those accounts were located.

At trial, the United States will introduce evidence that the Defendant owned or controlled a bank account at a bank in the Jersey Channel Islands in 2005. The investigation has also revealed evidence, including wire transfers and other bank records, indicating that during 2005 the Defendant owned or controlled bank accounts in the Netherlands, the United Kingdom, and Ghana. That year, the Defendant or his associates made more than fifty wire transfers from Kuwait to bank accounts in Ghana, the United Kingdom, the Jersey Channel Islands, and the Netherlands.

On April 16, 2008, the United States submitted a request for assistance to Her Majesty's Government of the United Kingdom pursuant to a treaty for Mutual Legal

Assistance on Criminal Matters. On May 14, 2008, the United States Department of Justice submitted a similar request for assistance to the Ministerie van Justitie of the Kingdom of the Netherlands, and on June 11, 2008, the United States Embassy to the Republic of Ghana presented a request for assistance to that country's government. These requests were designed to allow the United States to gain evidence about additional bank accounts the Defendant is believed to own or control.

## Legal Discussion

While the Speedy Trial Act, 18 U.S.C. §§ 3161-74 requires that a defendant be tried within 70 days of indictment, information, "or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs. 18 U.S.C. § 3161(c)(1). "The Act provides for nine enumerated 'periods of delay' which may be 'excluded' from the seventy-day maximum." United States v. Shaw, 510 F. Supp. 2d 148, 149 (D.D.C. 2007). In particular, the Speedy Trial Act excludes time for any period of delay resulting from attempts to obtain foreign-located evidence, 18 U.S.C. § 3161(h)(9), transfer and removal proceedings, § 3161(h)(1)(G), delays needed to meet the ends of justice, § 3161(h)(8)(A),(B), and delays occasioned by interlocutory appeals. 18 U.S.C. § 3161(h)(1)(E).

In this case, due to 1) the United States's pending requests for international assistance; 2) the voluminous discovery provided by the United States and complexity

of the criminal conduct alleged in the Indictment; 3) the delay associated with the Defendant's transfer to this District; and 4) the Defendant's pending interlocutory appeal, this Court should determine an appropriate date for trial and find that the time until then is excluded from the Speedy Trial Act.

1.  Foreign-located evidence.

The Speedy Trial Act excludes time for any period of delay resulting from periods of delay occasioned by requests to obtain foreign-located evidence. 18 U.S.C. § 3161(h)(9). The Speedy Trial Act defines the "official request" required to exclude time during the pendency of the request as "a letter rogatory, a request under a treaty or convention, or any other request for evidence made by . . . an authority of the United States having criminal law enforcement responsibility, to a court or other authority of a foreign country." 18 U.S.C. § 3292.

In this case, the United States made a request to the government of the United Kingdom on April 16, 2008, to gain access to bank records to gather the evidence needed to prove that ownership and control, which of course was not declared on the Defendant's 2005 tax returns. See Exhibit 1: Affidavit of Special Agent Troy Burrus. This request, as well as requests made on May 14, 2008 to the Netherlands, and on June 11, 2008, to Ghana, is exactly the type that Congress contemplated when it enacted 18 U.S.C. § 3161(h)(9), as the Eleventh Circuit discussed in United States v. Torres, 318 F.3d 1058, 1062 (11th Cir. 2003) ("[I]n enacting § 3292, Congress sought to facilitate

the prosecution of these criminal acts by affording prosecutors enough time to obtain evidence located in foreign countries."). Accordingly, time that elapses while these requests are pending, up to one year, should be excluded from the Speedy Trial Act.

2. Complex case designation.

Under the Speedy Trial Act, an exclusion of time is appropriate when the Court finds that the "ends of justice" served by exceeding the 70-day limit "outweigh the best interest of the public and the defendant in a speedy trial." Such a finding may be made when a case "is so unusual or so complex . . . that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established," 18 U.S.C. § 3161(h)(8)(B)(ii).

The facts underlying the charged tax perjury are unusual and extremely complex. The United States charged that the Defendant has concealed the existence of foreign-located bank accounts over which he has ownership or control, including accounts with substantial assets in Jersey. Thus far the investigation has included requests for assistance to five foreign countries and the production of evidence from places as far away as Kuwait and the Jersey Channel Islands, in addition to typical domestic investigative inquiries and evidence-gathering. The United States has provided bank records from sixteen domestic financial institutions, evidence obtained through Mutual Legal Assistance Treaties, and over 110,000 electronic records seized from the Defendant's workstation in Kuwait alone. (All this discovery was produced to the

Defendant's counsel at arraignment.)   Moreover, unlike the run-of-the-mill tax case, here, potentially relevant documents are housed in an active war theater, and witnesses who would normally be easily available have, in this case, often redeployed to other assignments or rotated back to new locations in the United States.

Given the breadth and scope of this significant international matter and the efforts the Defendant made to conceal his activity, coupled with the extensive relevant discovery produced, the United States respectfully submits that this case is so unusual and so complex as to remove it from the heartland of cases which could reasonably proceed to trial 70 days after Indictment.  As envisioned by the Speedy Trial Act, this is the exact case where it is "unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section."  18 U.S.C. § 3161(h)(8)(B)(ii).  Accordingly, the United States respectfully requests that once this Court sets a trial date that the period of delay until that trial date be excluded from the Speedy Trial Act calculation.

3.  Transfer and removal.

The Speedy Trial Act excludes from the 70-day clock any delay that results "from any proceeding relating to the transfer of a case or the removal of any defendant from another district under the Federal Rules of Criminal Procedure."  18 U.S.C. § 3161(h)(1)(G).  The Defendant was arrested on May 7, 2008, in the Eastern District of New York, and owing to a contest over bail, including an appeal to Chief Judge

Lamberth, the Defendant was not arraigned in this District until June 20, 2008. The United States, therefore, respectfully submits that the Speedy Trial Act excludes the 43 days between the Defendant's arrest in New York and his arraignment in this District from calculation of the 70-day clock.

4.  Interlocutory appeal.

The Speedy Trial Act excludes from the 70-day clock any delay that results "from any interlocutory appeal." 18 U.S.C. § 3161(h)(1)(E).[1] On June 23, 2008, the Defendant filed a notice of interlocutory appeal of this Court's bond determination. Therefore, the United States respectfully submits that the Speedy Trial Act excludes all time between June 23, 2008, and the disposition of that appeal from calculation of the 70-day clock.

---

[1] As this Court noted in the June 20 hearing, the filing of the present motion tolls the running of the Speedy Trial Act clock pursuant to 18 U.S.C. § 3161(h)(1)(F).

## Conclusion

For the reasons given above, the United States respectfully requests that this Court set a trial date, and that all time between May 7, 2008, and the trial be excluded under the Speedy Trial Act.

Dated: June 26, 2008.

> Respectfully submitted,
>
> */s/ Ryan Danks*
> KATHRYN H. ALBRECHT
> ANN C. BRICKLEY
> RYAN DANKS
> RICHARD B. EVANS
> Trial Attorneys
> United States Department of Justice
> 450 5th Street NW, Room 11420
> Washington, DC 20530
> (202) 305-0128
> (202) 514-6525 (facsimile)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 08-147 (RJL) |
| ) | |
| TIJANI A. SAANI ) | |
| ) | |
| Defendant ) | |

## DECLARATION OF SPECIAL AGENT TROY BURRUS

1. I, Troy Burrus, am a Special Agent with the Internal Revenue Service, Criminal Investigation Division, having been so employed since July 1999, and as such am vested with the authority to investigate violations of federal law. I have received training in investigations of tax fraud, money laundering, and the bank secrecy act and have participated in many such investigations. I have personally participated in this investigation and am thoroughly familiar with the information contained in this declaration.

2. On April 16, 2008, the United States submitted a formal request to the United Kingdom, pursuant to the Treaty Between the Government of the United States of America an the Government of the United Kingdom of Great Britain and Northern Ireland on Mutual Legal Assistance in Criminal Matters. This request asked for information relating to bank accounts under the ownership or control of TIJANI SAANI, and others, at Barclays Bank PLC UK. This information includes records reflecting the

persons who opened, closed, or controlled the bank accounts.

3. Evidence developed through other means during this investigation has revealed that during 2004, 2005, and 2006, TIJANI SAANI and BARBARA SAANI made twenty wire transfers to an account in the United Kingdom at Barclays Bank PLC UK that appears to be owned or controlled by TIJANI SAANI. During 2005, TIJANI SAANI made six wire transfers from Kuwait to this bank account, in amounts totaling over $110,000. Records produced by the United Kingdom in response to the above-referenced request should provide evidence that TIJANI SAANI owned and controlled at least one account at Barclays Bank PLC UK during 2005.

4. On April 21, 2006, SAANI and BARBARA SAANI each signed, under the penalty of perjury, their joint tax return for the 2005 tax year. Schedule B, attached to their 2005 tax return, includes in Part III, 7a the question: "At any time during 2005, did you have an interest in or a signature or other authority over a financial account in a foreign country, such as a bank account, securities account, or other financial account?" SAANI and BARBARA SAANI checked "No" in response to this question. They left blank Part III, 7b, which asks for the name of the foreign country in which the account exists if the question in Part III, 7a is answered affirmatively.

5. On May 16, 2008, a grand jury sitting in the District of Columbia returned an indictment against TIJANI SAANI charging that he had violated 26 U.S.C. § 7206(1), inasmuch as he had made and subscribed a tax return for 2005 that was false as to a material matter, i.e., his ownership or control of a foreign bank account; made and

subscribed the return under a written declaration that was made under the penalty of perjury; did not believe the return to be true and correct as to every material matter; and falsely subscribed to the return willfully, with the specific intent to violate the law.

6. The materials sought from the United Kingdom are expected to provide evidence in support of the charge described in Paragraph 5, namely, that in 2005 TIJANI SAANI owned or controlled foreign bank accounts, and that the answers described in Paragraph 4 were untrue.

I declare under penalty of perjury that the foregoing is true and correct.

FURTHER AFFIANT SAYETH NAUGHT

_____
Special Agent Troy Burrus
Internal Revenue Service

I Dated: 26 June 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | Criminal No. 08-147 (RJL) |
| | ) | |
| **TIJANI A. SAANI** | ) | |
| | ) | |
| **Defendant** | ) | |

## [PROPOSED] ORDER

Having duly considered the Motion of the United States to Set a Trial Date and Exclude Time Until Then Under the Speedy Trial Act, the Affidavit of Special Agent Troy Burrus, the responses and replies thereto, and the interests of justice, this Court finds

1. that the preponderance of the evidence presented demonstrates that a pending request for international assistance made to the United Kingdom has been made and that it is reasonably likely that the evidence sought is in the United Kingdom;

2. that because the case is so unusual and so complex, due to the alleged illegal conduct, the situs and circumstances of the alleged crime, and the volume of evidence at issue, the time limits established by the Speedy Trial Act do not permit adequate preparation for pre-trial proceedings and for trial itself;

3. that the 43 days between May 7, 2008, and June 20, 2008, is properly excluded from calculation under the Speedy Trial Act because of the Defendant's removal from the Eastern District of New York; and

4. that the time since June 23, 2008, is properly excluded from calculation under the Speedy Trial Act because of the Defendant's pending interlocutory appeal.

Accordingly, the Court finds that, for the foregoing reasons and pursuant to 18 U.S.C. §§ 3161(h)(1)(E), 3161(h)(1)(G), 3161(h)(8)(A),(B), 3161(h)(9), the ends of justice are best served, and outweigh the best interest of the public and defendants in a speedy trial, if the time until the beginning of trial is started is excluded from the Speedy Trial Act Calculation. Therefore, IT IS ORDERED

that a trial in this matter shall commence on _____;

that exclusion of time from May 7, 2008, until _____ from the Speedy Trial Act calculation under 18 U.S.C. § 3161(h)(9) is hereby GRANTED;

that exclusion of time from May 7, 2008, until _____ from the Speedy Trial Act calculation under 18 U.S.C.§§ 3161(h)(8)(A), (h)(8)(B) is hereby GRANTED;

that exclusion of 43 days between May 7, 2008, and June 20, 2008, from the Speedy Trial Act calculation under 18 U.S.C. § 3161(h)(1)(G) is hereby GRANTED; and

that exclusion of time between June 23, 2008, and the disposition of the Defendant's pending interlocutory appeal from the Speedy Trial Act calculation under 18 U.S.C. § 3161(h)(1)(E) is hereby GRANTED.

Dated this ___ day of _____, 2008.

_____
THE HONORABLE RICHARD J. LEON
UNITED STATES DISTRICT COURT JUDGE

# CERTIFICATE OF SERVICE

I hereby certify on this 26th day of June 2008, that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and sent a copy of the above by electronic mail to the following:

>Patricia A. Pileggi
>Patricia A. Pileggi, LLP
>ppileggi@paplaw.com
>
>Susan G. Kellman
>Susan G. Kellman, Esq. & Associates
>kellmanesq@aol.com
>
>John Lauro
>Lauro Law Firm
>jlauro@laurolawfirm.com
>
>David M. Lubitz
>david.lubitz@verizon.net

>/s/ Ryan Danks
>KATHRYN H. ALBRECHT
>ANN C. BRICKLEY
>RYAN DANKS
>RICHARD B. EVANS
>Trial Attorneys
>United States Department of Justice
>450 5th Street NW, Room 11420
>Washington, DC 20530
>(202) 305-0128
>(202) 514-6525  (facsimile)