UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) | Crim No. 08-00147 (RJL) |
| TIJANI AHMED SAANI, | ) ) ) | |
| Defendant. | ) ) | |

**DEFENDANT'S CONSENT TO EARLIEST POSSIBLE TRIAL DATE AND OPPOSITION TO GOVERNMENT'S MOTION TO EXCLUDE SPEEDY TRIAL TIME**

Defendant, Tijani Saani, joins in the Government's request for a trial date, and he requests the earliest one possible. As explained further in this Memorandum, Mr. Saani opposes almost all of the Government's requests for exclusions of time under the Speedy Trial Act, 18 U.S.C. §§ 3161-3174. Specifically, the Government has not met its burden to establish an exclusion under § 3161(h)(9) for seeking foreign evidence. This case also does not qualify for an ends of justice continuance under subsection (h)(8). In addition, the entire period between Mr. Saani's arrest and his arraignment before this Court on June 20, 2008 is not excludable from speedy trial calculations. Finally, Mr. Saani's appeal from this Court's denial of any form of pretrial release does not qualify for an exclusion under subsection (h)(1)(E).

## FACTS

Mr. Saani was arrested on May 7, 2008 at John F. Kennedy International Airport, within the confines of the U.S. District Court for the Eastern District of New York ("E.D.N.Y."), pursuant to a warrant issued on March 25, 2008 by Magistrate Judge Facciola of this Court. The

1

warrant was issued on a complaint and supporting affidavit from Internal Revenue Service Special Agent Troy Burrus charging that Mr. Saani made a single perjurious statement on Schedule B of his 2005 tax return in violation of 26 U.S.C. § 7206(1) by checking "no" to Question 7a in Part III, which asks whether he had any interest or authority in one or more foreign financial accounts.

After his arrest, Mr. Saani appeared in the E.D.N.Y. several times. On May 15, 2008, an E.D.N.Y. Magistrate Judge ordered Mr. Saani's release on bond and other conditions. The same day, Chief Judge Lamberth of this Court stayed the E.D.N.Y. Magistrate Judge's order. On May 16, 2008, a grand jury in this District returned a one count indictment against Mr. Saani, charging him with tax perjury for the above-identified answer provided on his 2005 tax return relating to the question about foreign accounts. Chief Judge Lamberth then issued an order remanding Mr. Saani.

On June 16, 2008, Mr. Saani appeared before Magistrate Judge Facciola of this Court. Judge Facciola held a status conference and remanded Mr. Saani for custody.

Mr. Saani was arraigned by this Court on June 20, 2008. On that date, this Court also considered and denied Mr. Saani's motion for bond redetermination. On June 23, 2008, a notice of appeal from the denial of bond redetermination was filed on behalf of Mr. Saani.

The Government appears to have been investigating Mr. Saani since 2006. Immediately before his arraignment, the Government produced to Mr. Saani 11diskettes, containing all information in the possession of the Government to which Mr. Saani is entitled. At Mr. Saani's arraignment, counsel for the Government asserted that the defense has "everything they need to proceed to trial." Tr. at 4, Docket Entry #32 (filed July 1, 2008). Counsel for Mr. Saani has

preliminarily reviewed the information turned over by the Government and does not believe that it presents any basis under 18 U.S.C. §3161(h)(8) for excluding speedy trial time.

On June 26, 2008, the Government filed a motion to set a trial date and exclude time under the Speedy Trial Act. In partial support of its motion, the Government attached a declaration from Agent Burrus.

## ARGUMENT

By 18 U.S.C. § 3161(c)(1), "the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." By 18 U.S.C. § 3164(b), the trial of any person held in detention solely because he is awaiting trial, "shall commence not later than ninety days following the beginning of such continuous detention." The Government now asks this Court to invoke various exclusions to the speedy trial limitations imposed by §§ 3161(c)(1) and 3164(b). As explained below, almost all of the Government's requests should be rejected.

**I.    The Government Has Not Met Its Burden To Satisfy The Speedy Trial Act Exclusion Set Forth In 18 U.S.C. § 3161(h)(9).**

The Government first argues for exclusion of speedy trial time under 18 U.S.C. § 3161(h)(9), because certain evidence may be located in a foreign country. That subsection provides for exclusion of speedy trial time for

> [a]ny period of delay . . . ordered by a district court upon application of a party and a finding by a preponderance of the evidence that an official request . . . has been made for evidence of any such offense and that it reasonably appears, or reasonably appeared at the time the request was made, that such evidence is, or was, in such foreign country.

3

18 U.S.C. § 3161(h)(9).

The Government asserts without any evidentiary support whatsoever that after Mr. Saani's arrest on May 7, it made two requests — one on May 14, 2008 to the Netherlands and one on June 11, 2008 to Ghana— for information about bank accounts that it believes Mr. Saani owns or controls. Without such evidentiary support, this Court cannot find "by a preponderance of the evidence that an official request has been made . . . ." 18 U.S.C. § 3161(h)(9).

The June 26, 2008 declaration of Agent Burrus submitted by the Government in support of its motion contains no mention of any such requests. Indeed, there is not even any basis in the declaration for the Government's belief that Mr. Saani has accounts in either of those two countries (the March 25, 2008 affidavit of Agent Burrus submitted in support of the arrest warrant does include information about accounts in Ghana and the Netherlands alleged to be owned by Mr. Saani, but the June 26, 2008 declaration contains no such information). The unsupported assertions by the Government about purported requests to the Netherlands and Ghana must be ignored. Even if the Government provided sufficient evidence of these purported requests, such evidence should be disregarded in ruling on the Government's motion, because the Government appears to have been investigating Mr. Saani since 2006 and any attributable delay unfairly prejudices Mr. Saani, who remains in custody.

The declaration from Special Agent Burrus states that on April 16, 2008 a request was made to the United Kingdom for evidence of bank accounts owned or controlled by Mr. Saani. Attachment #1 at page 1, ¶ 2, Docket Entry #31 (filed June 26, 2008). Significantly, nowhere in the declaration is there any evidence of efforts by the Government to follow-up on the request so that any potential evidence can be expeditiously transferred from the United Kingdom to the United States, or any indication of a response suggesting when such evidence may be expected.

Agent Burrus' declaration also contains no basis, such as an account number, for the conclusory statements at paragraph 3 of his declaration that wire transfers were made to an account owned and/or controlled by Mr. Saani at Barclays Bank PLC UK. The "evidence" thus is insufficient for a finding by a preponderance that the Government's request has caused "delay," 18 U.S.C. § 3161(h)(9), and the standard for finding an exclusion of time under this section of the Speedy Trial Act is not satisfied.

## II.    This Case Does Not Qualify For An Ends Of Justice Continuance

This one defendant one count single statement tax perjury case is manifestly inappropriate for complex designation. The Government charges that Mr. Saani falsely stated that he had no foreign bank or similar accounts on his 2005 tax return and that it has evidence that he in fact had such accounts. Indictment at page 2, ¶ 4, Docket Entry #9 (filed May 16, 2008). In the affidavit supporting the criminal complaint, Agent Burrus declares that the Government already has records upon which it relies to allege that the afore-mentioned statement is false. See Attachment 1 at page 3, ¶ 8, Docket Entry #1 (filed March 25, 2008).

In commenting on 18 U.S.C. § 3161(h)(8), the Supreme Court recently noted that it "gives the district court discretion—within limits and subject to specific procedures—to accommodate limited delays for case specific needs." Zedner v. United States, 547 U.S. 489, 499 (2006). And, the D.C. Circuit has cautioned that "[t]he exclusion of delay resulting from an ends of justice continuance "could get out of hand and subvert the Act's detailed scheme." United States v. Bryant, 523 F.3d 349, 360-61 (D.C. Cir. 2008).

By 18 U.S.C. § 3161(h)(8)(A), a trial judge may grant a continuance "based on his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." Particularly because the Government appears to have

been investigating Mr. Saani since 2006, it is unfathomable how delay through invoking exclusions to the Speedy Trial Act in this one count tax perjury case can serve an end of justice that outweighs Mr. Saani's and the public's interest in a speedy trial.

In making the findings required by § 3161(h)(8)(A), factors set forth in subsection (B) of the statute must be considered. The Government relies on only one aspect of the detailed factors set forth in subsection (B): that "the case is so unusual or so complex . . . that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." 18 U.S.C. § 3161(h)(8)(B)(ii). Indeed, the Government's argument is even narrower, because it can rely on only "the nature of the prosecution," to argue for findings by this Court that speedy trial should be excluded. The other examples set forth in the statute to demonstrate unusualness or complexity, "the number of defendants" and "novel questions of fact or law," patently don't exist in this case (there is only one defendant in this case) or have not arisen.

The Government cannot without more reasonably characterize this one defendant one count tax perjury case as "so unusual or . . . complex," that it deserves treatment to the exclusion of Mr. Saani's speedy trial rights, and this Court should decline to so designate this case as appropriate for treatment under § 3161(h)(8). The Government asserts at pages 5-6 of its Motion to this Court that the nature and volume of the discovery provided to the defense should qualify this case for complex designation, but upon initial review of that discovery the defense vigorously disagrees. Although the Government has provided the defense with voluminous discovery, a review of it reveals that the vast majority of the material is irrelevant to this case. It appears that of the eleven diskettes provided, only one contains material relevant to the alleged false statement. Although we have not completed an exhaustive analysis, we believe that we can

6

review and analyze the provided material within the speedy trial limits set forth in the statute and without resort to an ends of justice exclusion.

The Government also offers nothing in support of its cursory assertions at page 6 of its Motion that additional potentially relevant documents are housed in an active war theater and that potentially relevant witnesses are not easily able to be located. Without any specific information in support of those assertions, this Court cannot make findings, as required by the statute, that this case is appropriate for an ends of justice exclusion. Moreover, given that the Government appears to have been investigating Mr. Saani since 2006 and he is in custody, the location of any additional potentially relevant prosecution documents or witnesses should not be considered in ruling on this Speedy Trial Act motion.

Contrary to the Government's assertion in its Motion to this Court at page 5, the Government has not charged that Mr. Saani concealed the existence of foreign bank accounts. Mr. Saani is charged with falsely stating that he did not own any such bank accounts, but there is nothing in the indictment stating that he concealed their existence. Indeed, according to the Government's indictment, Mr. Saani opened a bank account in his own name, using his U.S. passport to verify his identify, and listing his home address in Kuwait. Indictment at page 2, ¶ 3, Docket #9 (filed May 16, 2008). The Government also has proffered no evidence or even facts in support of its cursory assertion at page 6 of its Motion that Mr. Saani has made "efforts . . . to conceal his activity." In short, careful examination of the applicable statute and the Government's supportable assertions in this case demonstrate that it is not "so unusual or so complex" that an ends of justice exclusion is appropriate. 18 U.S.C. § 3161(h)(8)(B)(ii).

### III. Mr. Saani's Speedy Trial Time Is Not Tolled Until This Court's June 20, 2008 Arraignment

The Government's argument that no time speedy trial time should be counted before Mr. Saani was arraigned by this Court on June 20, 2008 is incorrect. Mr. Saani first appeared in this Court on June 16, 2008 before Magistrate Judge Facciola, where he was returned on the arrest warrant and remanded. 6/16/08 Docket Sheet Minute Entry. The speedy trial clock for purposes of 18 U.S.C. § 3161(c)(1) began with that date. Also, for purposes of calculating Mr. Saani's speedy trial time under 18 U.S.C. § 3164, which began when he was arrested, the exclusion under 18 U.S.C. § 3161(h)(1)(G) for delay relating to the removal of a defendant from one district to another ended with Mr. Saani's appearance before Magistrate Judge Facciola on June 16, 2008.

#### A. Mr. Saani's Speedy Trial Time For Purposes Of Section 3161(c)(1) With His Appearance Before Judge Facciola

The speedy trial clock for Mr. Saani starts from the date that he appeared before Magistrate Judge Facciola on June 16, 2008. 18 U.S.C. § 3161(c)(1) states in pertinent part that "the trial of a defendant charged . . . with the commission of an offense shall commence within seventy days . . . from *the date the defendant has appeared before a judicial officer of the court* in which such charge is pending . . . ." (emphasis added). The Government's attempt to have this Court apply the exclusion specified in subsection (h)(1)(G) should be rejected, because it is inapplicable. Mr. Saani's case has not been transferred, and he has not been removed from this district since he first appeared here on June 16, 2008. Therefore, subsection (h)(1)(G) has no application to any calculation here related to the speedy trial requirement set forth in 18 U.S.C. § 3161(c)(1).

8

### B. Mr. Saani's Speedy Trial Time For Purposes of Section 3164 Only Is Tolled Until June 16, 2008

The Government's argument that the 18 U.S.C. § 3164 speedy trial clock should be tolled pursuant to § 3161(h)(1)(G) until June 20, 2008, the date that Mr. Saani appeared for arraignment in this Court should be rejected.  By § 3161(h)(1)(G), "delay resulting from any proceeding relating to the . . . removal of any defendant from another district under the Federal Rules of Criminal Procedure" is excludable.  Such delay ended on June 16, 2008, when Mr. Saani was returned in this District on the warrant, appeared before Magistrate Judge Facciola and was remanded for custody.

### IV. The Appeal From This Court's Denial Of Bond Is An Appeal From A Final Decision Not An Interlocutory One

The immediate appeal from this Court's decision denying Mr. Saani any form of pretrial release is authorized by 18 U.S.C.§ 3145(c), which provides that "[a]n appeal from a . . . detention order . . . is governed by the provisions of section 1291 of title 28 . . . ."  28 U.S.C. § 1291 confers appellate jurisdiction based on "final decisions of the district court."  See also U.S. v. Abuhamra, 389 F.3d 309, 317 (2d Cir. 2004) ("Although no judgment of conviction has yet been entered in this case, the district court's order of detention qualifies as a final order . . . .").  In contrast, "interlocutory" orders and decrees are governed by § 1292.  The appeal from this Court's denial of Mr. Saani's motion for bond redetermination thus does not qualify as an "interlocutory" one under 18 U.S.C. § 3161(h)(1)(E).  But see United States v. Davenport, 935 F.2d 1223, 1230 (11th Cir. 1991) (Without any analysis of or reference to 18 U.S.C. § 3145(c) and 28 U.S.C. § 1291, holding that appeal of pretrial detention order tolls speedy trial clock).  Because the issues related to the pending appeal do not affect the issues to be tried, or this Court's ability to set a trial date, there is no resulting delay.  Stack v. Boyle, 342 U.S. 1, 12

9

(1951) (Jackson, J. concurring) ("[A]n order fixing bail can be reviewed without halting the main trial—its issues are entirely independent of the issues to be tried . . . .")

## CONCLUSION

For the foregoing reasons, Mr. Saani requests that this Court set a trial date as soon as possible and deny all Speedy Trial Act exclusions requested by the Government, except the one that relates to 18 U.S.C. § 3164 until June 16, 2008.

Respectfully submitted,

/s/ David M. Lubitz
DAVID M. LUBITZ
210 5th Street, N.E
Washington, DC 20002
(202) 492-4273
david.lubitz@verizon.net
D.C. Bar # 457558

PATRICIA A. PILEGGI
747 3rd Avenue, 32nd Floor
New York, NY 10017
(212) 425-3391
ppileggi@paplaw.com
Admitted Pro Hac Vice

SUSAN G. KELLMAN
25 8TH Avenue
Brooklyn, NY 11217
(718) 783-8200
kellmanesq@aol.com
Admitted Pro Hac Vice

Attorneys for Defendant