**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 08-147 (RJL) |
| ) | |
| TIJANI A. SAANI ) | |
| ) | |
| Defendant ) | |

**REPLY BY UNITED STATES TO DEFENDANT'S RESPONSE TO**
**MOTION FOR EXCLUSION OF TIME FROM SPEEDY TRIAL ACT CALCULATIONS**

The United States respectfully submits the following reply to Defendant's response to our motion to set a trial date and to exclude time until then under the Speedy Trial Act, 18 U.S.C. §§ 3161-74. Defendant's response (Doc. No. 33) to the United State's motion for exclusion of time under the Speedy Trial Act ignores the evidence in the record and attempts to impute standards not found in statute or case law. As we demonstrated in our motion, time under the Speedy Trial Act is properly excluded under 18 U.S.C. § 3161(h)(9) in recognition of pending requests for international assistance; § 3161(h)(8)(A),(B) to serve the ends of justice; and under § 3161(h)(1), (h)(1)(E) & (F) while motions and interlocutory appeals are pending. Therefore, our motion should be granted.

Defendant's response is mistaken as to a fundamental aspect of the Speedy Trial Act which applies to all of the exclusions discussed herein – exclusions of time under the Speedy Trial Act do not require a finding by this Court that the motions causing the exclusion actually affect the trial date. The DC Circuit has joined with the majority of other circuits in finding that the exclusions of time under § 3161(h)(1) are automatic. See United States v. Wilson, 835 F.2d 1440, 1443-44 (D.C. Cir. 1987) (citing cases from the Second, Third, Eighth, Ninth, and

Eleventh Circuits); see also United States v. Tranakos, 911 F.2d 1422, 1426-27 (10th Cir. 1990) ("[T]he exclusions in section 3161(h) are automatic, so no inquiry into the true cause of a delay is proper.") (citing Wilson and cases from the Second, Third, Fourth, Sixth, Seventh, Eighth, Ninth, and Eleventh Circuits).

1.  **Exclusion of Time for pending requests for foreign-located documents between April 16, 2008, and the time of trial remains proper**

On April 16, 2008, the United States requested assistance from the United Kingdom in obtaining documents related to this matter pursuant to a treaty for Mutual Legal Assistance on Criminal Matters. The statute applicable to such requests is Title 18, Section 3161(h), which states:

> The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence: . . . Any period of delay, not to exceed one year, ordered by a district court upon an application of a party and a finding by a preponderance of the evidence that an official request . . . has been made for evidence of any such offense and that it reasonably appears, or reasonably appeared at the time the request was made, that such evidence is, or was, in such foreign country.

18 U.S.C. § 3161(h)(9). Therefore, to exclude time the United States must demonstrate by a preponderance of the evidence that 1) it has made a request for evidence located in a foreign country and 2) the evidence is likely to be in the foreign country. See also United States v. Smith, 267 F.3d 1154, 1161 (D.C. Cir. 2001) ("A preponderance standard . . . requires merely that the fact-finder believe that the existence of a fact is more probable than the non-existence of that fact."); Black's Law Dictionary (6th edition) (defining preponderance of the evidence as "evidence which is of greater weight or more convincing than the evidence which is offered in

opposition to it; that is, evidence which as a whole shows that the fact sought to be proved is more probable than not.").

Defendant's response does not appear to dispute that the United States made such a request to Her Majesty's Government of the United Kingdom.[1]  Memorandum in Opposition (Doc. No. 33) (filed 07/01/2008) at 4 ("Opposition").  Rather, the Defendant argues, without citation to legal authority, that the declaration submitted by Special Agent Burrus did not provide a sufficient basis "such as an account number, for the conclusory statements at paragraph 3 of his declaration that wire transfers were made to an account owned by and/or controlled by Mr. Saani at Barclays Bank PLC UK."  Id. at 5.

There is in fact sufficient evidence to support this Court's finding by a preponderance of the evidence that the United States' request will yield evidence of a bank account owned or controlled by the Defendant in the United Kingdom, and other foreign countries.  First, the particulars of the Barclays account were previously provided in the affidavit Special Agent Burrus swore out in support of the criminal complaint.  See Affidavit in Support of a Criminal Complaint, (Doc. No. 1) (filed 3/25/2008) at p.14.  In United States v. Trainor, 376 F.3d 1325, 1335 (11th Cir. 2004), the Eleventh Circuit found that the government had to present some evidence beyond attorney proffers for exclusion of time under § 3161(h)(9).  In doing so, it noted that:  "Because [an agent's declaration] was sworn under penalty of perjury, [the FBI agent's] declaration contains indicia of reliability not to be found in the Government's summary assertion

---

[1] The United States can provide further declarations that similar requests were made to the Kingdom of the Netherlands and the Republic of Ghana.  Moreover, based on more recently discovered information, the United States intends to make an additional request under a multi-lateral assistance treaty, this one to the Isle of Man.

of the evidence and, had it been presented to the district court with the Government's tolling motion . . . undoubtedly would have provided a sufficient evidentiary basis for the tolling order." Second, the discovery material provided to the Defendant on June 20, 2008, contains significant indicia that the Defendant owned or controlled an account in the United Kingdom. Absent any evidence presented by the Defendant in opposition to the United States' motion, or any reason to disbelieve Special Agent Burrus's declaration and affidavits, the preponderance of the evidence demonstrates that there is a pending request for foreign located evidence in the United Kingdom and that such evidence exists in there and elsewhere.[2]

Finally, if this Court finds that the United States has satisfied the two requirements of § 3161(h)(9) by a preponderance of the evidence, the time until the return of the evidence, up to a year, is automatically excluded from the Speedy Trial Act clock. The same mandatory language -- "[t]he following periods of delay shall be excluded" -- applies to both §§ 3161(h)(1) and 3161(h)(9). See Tranakos, 911 F.2d at 1426-27; cf. Wilson, 835 F.2d at 1443-44; see also, e.g., F.T.C. v. Tarriff, – F. Supp.2d – , 2008 WL 2230062 at *2 (D.D.C. June 2, 2008) (observing that the "ordinary meaning and usage" of "shall" is "must").

**2.    Exclusion of time to serve the ends of justice is appropriate under § 3161(h)(8)(A),(B)**

The ends of justice are served by the exclusion of time from the Speedy Trial clock because of the complexity of discovery and the Defendant's efforts to conceal his alleged illegal activities.

---

[2] Defendant identifies the length of the Government's investigation as a basis for each point in his response; however, the length of the investigation is immaterial.

As we explained in our motion, the discovery in this case is voluminous. The United States has seized more than 110,000 electronic files from the Defendant's workstation alone. The ends of justice are best served by allowing both parties time to adequately review and digest that material, rather than to potentially seek delays closer to trial. The necessity of interviewing witnesses now scattered all over the world and, as discussed above, obtaining foreign-located evidence also supports a complex case designation in this instance.

Exclusion of time for complexity is also appropriate because, contrary to statements made in Defendant's response, Opposition at 7, the Defendant has in fact sought to conceal his foreign-located bank accounts from the United States. The Defendant continues with an ongoing shell game that he has played with the United States and this Court with respect to his foreign-located bank accounts. Between 2002 and 2006, the Defendant did not report the existence of a single foreign-located bank account on his tax returns. Additionally, when he was arrested in May, he failed to disclose any foreign-located bank accounts to Pretrial Services. Yet, in the hearing before this Court on June 20, 2008, counsel for the Defendant conceded that the Defendant had assets located overseas. See June 20, 2008 Transcript ("Tr.") at 12, acknowledging that Defendant has substantial assets abroad; and Tr. at 17, stating that there has been no allegation "that there is an illegal source of funds for the funds that he has in these [foreign] bank accounts."

Moreover, in his response, the Defendant appears to argue that the Indictment is evidence that he did not conceal his foreign banking activity. Opposition at 7. The suggestion that the Defendant has not concealed these accounts to domestic law enforcement because he did not lie to the foreign banks where those accounts were established is absurd. Foreign-located banks are

not in the habit of automatically reporting their account holders to the United States' Internal Revenue Service. The Defendant's claim is without merit.

**3.    Exclusion of time before June 23**

The United States accepts the Defendant's argument that the Speedy Trial Act was tolled from his arrest until his appearance before Magistrate Judge Facciola on June 16, 2008. See Opposition at 8-9. But the United States also notes that on June 18, 2008, the Defendant filed a motion to review bond status (Doc. No. 24), which automatically tolled the running of the Speedy Trial Act clock until this Court rendered its decision on June 20, 2008. See Wilson, supra; see also United States v. Parker, 508 F.3d 434, 439 (7th Cir. 2007) (citing Section 3161(h)(1)(F)). Thus, between June 16 and June 23, three days elapsed from the Speedy Trial Act clock (June 17 and June 21-22).

**4.    Exclusion of time since June 23**

On June 23, 2008, the Defendant appealed this Court's bond determination to the D.C. Circuit. Notice of Appeal (Doc. No. 29) (filed 06/23/2008). The Defendant's response argues that this appeal, taken under 28 U.S.C. § 1291, should not be considered an "interlocutory appeal" within the meaning of 18 U.S.C. § 3161(h)(1)(E). The Defendant's argument is against the weight of the authority on this subject; furthermore, the Defendant's appeal triggers an automatic exclusion of time even if this Court determines that it is not an "interlocutory appeal" within the meaning of (h)(1)(E).

First, as the Defendant's response acknowledges, the only published decision to directly consider whether a bond appeal should be regarded as an "interlocutory appeal" within the meaning of (h)(1)(E) found that it did. United States v. Davenport, 935 F.2d 1223, 1230 (11th

Cir. 1991); see also United States v. Tyler, 878 F.2d 753 (3d Cir. 1983) (holding that writs of mandamus were the functional equivalent of interlocutory appeals for Speedy Trial Act purposes). And, as Davenport and Tyler recognize, the Second Circuit adopted a rule that "[Section 3161(h)(1)(E)] applies to appeals taken by the United States under 18 U.S.C. Section 3731, to similar appeals under 18 U.S.C. Section 2518(10)(b), and to appeals taken under 28 U.S.C. Section 1291 and 18 U.S.C. Section 3147(b)." Davenport, 935 F.2d at 1232; Tyler, 878 F.2d at 758. Most importantly, as Tyler explained and Davenport acknowledged, both the Senate Judiciary Committee and the Criminal Law Committee of the Administrative Office of the United States Courts have endorsed "the Second Circuit's broad interpretation of Sec. 3161(h)(1)." Davenport, 935 F.2d at 1233.

Second, even if this Court determines that the Second Circuit's rule is incorrect and Davenport was wrongly decided, § 3161(h)(1) still automatically excludes the time that elapses during the Defendant's appeal because that appeal is "another proceeding" under (h)(1), and the enumerated categories are not meant to be an exclusive list. See United States v. Garrett, 720 F.2d 705, 710 (D.C. Cir. 1983). "The 1974 Senate Report states that enumerated in the text of the bill [are] examples of what is meant by 'proceedings concerning the defendant . . . [t]he list, according to Congress, is not intended to be exhaustive." Id. (citations and quotations omitted).

Finally, the Defendant's argument that "[b]ecause the issues related to the pending appeal do not affect the issues to be tried, or this Court's ability to set a trial date, there is no resulting delay" and the time should not be excluded from the Speedy Trial Act, and its reliance on Stack v. Boyle is simply inapposite. As Wilson held, there does not need to be a connection between the pending "other proceeding" and the Defendant's trial date in order for the time to be

excluded; such exclusions are automatic under the Speedy Trial Act.  <u>Wilson</u>, 835 F.2d 1440 at 1443-44; <u>see</u> <u>also</u> <u>Davenport</u>, 935 F.2d at 1233-34 (noting that "this court expressly rejected the argument that delays under Sec. 3161(h) should not be excluded under the Act if they do not cause any actual delay of trial.  In <u>Stafford</u>, this court held that each period of excludable delay listed in Sec. 3161(h) is automatically excluded from the speedy trial clock, regardless of whether the excludable event caused any actual delay of trial.").

## **CONCLUSION**

For the reasons given above, the time elapsed since April 16, 2008, should be excluded from the Speedy Trial Act clock pursuant to 18 U.S.C. § 3161(h)(9) and this case should be declared complex and removed from the Speedy Trial Act clock in order to serve the ends of justice, § 3161(h)(8)(A),(B).

In the alternative, this Court should find that the Speedy Trial Act clock starts on June 17, 2008, that between June 17 and June 22 three days are excludable from the clock pursuant to § 3161(h)(1)(F), and that all time beginning on June 23 until the D.C. Circuit rules on the Defendant's pending appeal is excluded pursuant to §§ 3161(h)(1) & (h)(1)(E).

July 8, 2008                                             */s/ Richard B. Evans*
                                                         ANN C. BRICKLEY
                                                         RYAN DANKS
                                                         RICHARD B. EVANS
                                                         KATHRYN H. ALBRECHT
                                                         Trial Attorneys
                                                         United States Department of Justice
                                                         1400 New York Ave. NW
                                                         Washington, DC 20530
                                                         (202) 514-1412
                                                         (202) 514-3003 (facsimile)

**CERTIFICATE OF SERVICE**

I hereby certify on this 8th day of July 2008, that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorneys listed below who are known to represent the defendant.

>Patricia A. Pileggi
>Patricia A. Pileggi, LLP
>ppileggi@paplaw.com
>
>Susan G. Kellman
>Susan G. Kellman, Esq. & Associates
>kellmanesq@aol.com
>
>John Lauro
>Lauro Law Firm
>jlauro@laurolawfirm.com
>
>David M. Lubitz
>david.lubitz@verizon.net

>*/s/ Richard B. Evans*
>ANN C. BRICKLEY
>RYAN DANKS
>RICHARD B. EVANS
>KATHRYN H. ALBRECHT
>Trial Attorneys
>United States Department of Justice
>1400 New York Ave. NW
>Washington, DC 20530
>(202) 514-1412
>(202) 514-3003 (facsimile)