UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,        ) | |
| ) | |
| v.                                                   ) | Crim No. 08-00147 (RJL) |
| ) | |
| TIJANI AHMED SAANI,                  ) | |
| ) | |
| Defendant.                  ) | |

## DEFENDANT'S MOTION TO DISMISS INDICTMENT FOR IMPROPER VENUE

Defendant, Tijani Ahmed Saani, by and through his attorneys, hereby moves pursuant to Fed. R. Crim. P. 12(b) and 47 to dismiss the indictment for improper venue. Pursuant to Local Rules 47(a) and (c), a memorandum of points and authorities and a proposed order are included with this motion.

Respectfully submitted,

Dated: July 28, 2008

/s/ David M. Lubitz
DAVID M. LUBITZ
210 5th Street, N.E
Washington, DC 20002
(202) 492-4273
david.lubitz@verizon.net
D.C. Bar # 457558

PATRICIA A. PILEGGI
747 3rd Avenue, 32nd Floor
New York, NY 10017
(212) 425-3391
ppileggi@paplaw.com
Admitted Pro Hac Vice

SUSAN G. KELLMAN
25 8TH Avenue

Brooklyn, NY 11217
(718) 783-8200
kellmanesq@aol.com
Admitted Pro Hac Vice


Attorneys for Defendant

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| v. | ) | Crim No. 08-00147 (RJL) |
| | ) | |
| **TIJANI AHMED SAANI,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO DISMISS INDICTMENT FOR IMPROPER VENUE**

The indictment against Mr. Saani must be dismissed, because the Government has violated the venue statute applicable to this case. At page 3 of the indictment, the Government relies for venue in the District of Columbia on 18 U.S.C. § 3238. Docket Entry #9 (filed May 16, 2008). However, § 3238 *requires* that Mr. Saani be indicted and tried in the U.S. District Court for the Eastern District of New York ("E.D.N.Y."), because he was arrested there on the pending charge before the Government filed its indictment.

**FACTS**

On May 7, 2008, Mr. Saani was arrested at John F. Kennedy International Airport, in Queens, New York, within the E.D.N.Y., pursuant to a March 25, 2008 arrest warrant issued by a Magistrate Judge of this Court. Docket Entry # 28 at pages ("p.") 4, 10-12 (filed June 9, 2008). The arrest warrant was issued pursuant to a complaint and supporting affidavit alleging that Mr. Saani violated 26 U.S.C. § 7206(1) for a statement that was included on his 2005 tax return denying ownership or control of any foreign bank accounts. From the discovery information

provided by the Government, Mr. Saani appears to have completed his 2005 tax return in Kuwait, where he resided from 1994 until his arrest, and sent it from there.

After Mr. Saani's arrest, a grand jury in this District returned an indictment against him for the same charge contained in the complaint. Venue in the District of Columbia is based on 18 U.S.C. § 3238, which establishes rules for trial of charges alleged to have begun or been committed outside the jurisdiction of any U.S. court. Docket Entry #9 at p. 3. However, as explained in the following section, venue in this case is proper only in the E.D.N.Y.

## ARGUMENT

The Government has the burden to establish proper venue. United States v. Morgan, 393 F.3d 192, 195 (D.C. Cir. 2005). The Government relies on 18 U.S.C. § 3238, which states:

> The trial of all offenses begun or committed . . . out of the jurisdiction of any particular State or district, shall be in the district in which the offender . . . is arrested or is first brought; but if such offender or offenders are not so arrested or brought into any district, an indictment or information may be filed in the district of last known residence of the offender . . . or if no such residence is known, the indictment or information may be filed in the District of Columbia.

The statute has constitutional dimensions. By U.S. Const. Art. III, § 2, "the [t]rial of all [c]rimes * * * shall be held in the State where the said [c]rimes shall have been committed; but when not committed within any State, the [t]rial shall be at such [p]lace or [p]laces as the Congress may by [l]aw have directed."

The indictment against Mr. Saani must be dismissed, because he was arrested in the E.D.N.Y. before any indictment was filed. Section 3238 states that "[t]he trial of all offenses begun or committed upon the high seas, or elsewhere out of the jurisdiction of any particular State or district, *shall be in the district in which the offender . . . is arrested* or is first brought[.]" (emphasis added).

The Government appears to rely on the portion of the second sentence of § 3238 permitting indictment in this District if the residence of the defendant is not known. The second sentence of § 3238 states: "but if such offender or offenders are not so arrested or brought into any district, . . . the indictment or information may be filed in the District of Columbia." However, this provision is inapplicable to this case, because Mr. Saani was arrested in the E.D.N.Y. before any indictment was filed. Cf. United States v. Gurr, 471 F.3d 144, 155 (D.C. Cir. 2006) (D.C. is proper venue for crime begun in American Samoa, because indictment was filed in D.C. before defendant was arrested in Hawaii). Proper venue for this case thus lies in the E.D.N.Y.

A leading treatise notes that § 3238 "does not permit the government . . . to take a person into custody in a district where a federal court exists with jurisdiction to try the alleged offense for which the person is held in custody and then transport him or her to another district for trial there." 2 Charles A. Wright, Federal Practice and Procedure § 304 at p. 331 (3d ed. 2000). In this case, the Government has done exactly what the statute does not permit it to do.

An indictment brought in an improper venue must be dismissed. United States v. Liang, 224 F.3d 1057, 1062 (9th Cir. 2000) ("When venue is improperly laid in a criminal case, dismissal is the appropriate remedy because a district court has no power to transfer such a case to proper venue.") (quoting United States v. Hilger, 867 F.2d 566, 568 (9th Cir. 1989)). In Liang, the court of appeals reversed a conviction and dismissed the indictment, because the Government improperly indicted defendant in a district other than the one in which he was arrested or first brought in violation of § 3238. Similarly, in United States v. Cobar, 2006 U.S. Dist. LEXIS 81973, *17-*19 (D.D.C. Nov. 9, 2006) (Lamberth, J.), the court dismissed an indictment pursuant to § 3238 for lack of proper venue in this District.

## CONCLUSION

For the foregoing reasons, this Court must dismiss the indictment.

                                                          Respectfully submitted,

Dated: July 28, 2008                              /s/ David M. Lubitz
DAVID M. LUBITZ
210 5th Street, N.E
Washington, DC 20002
(202) 492-4273
david.lubitz@verizon.net
D.C. Bar # 457558

PATRICIA A. PILEGGI
747 3rd Avenue, 32nd Floor
New York, NY 10017
(212) 425-3391
ppileggi@paplaw.com
Admitted Pro Hac Vice

SUSAN G. KELLMAN
25 8TH Avenue
Brooklyn, NY 11217
(718) 783-8200
kellmanesq@aol.com
Admitted Pro Hac Vice

Attorneys for Defendant

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| v. | ) Crim No. 08-00147 (RJL) |
| | ) |
| **TIJANI AHMED SAANI,** | ) |
| | ) |
| **Defendant.** | ) |

### ORDER

THIS CAUSE comes before the Court on Defendant's motion to dismiss the indictment for improper venue.  Upon consideration of Defendant's motion, memorandum in support, any response by the Government, any reply, and the record in the matter, the Court finds good cause to grant the motion.  Accordingly, it is hereby,

ORDERED that the motion is GRANTED, and the indictment is DISMISSED.

_____
Richard J. Leon, U.S. District Judge