**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 08-147 (RJL) |
| | ) | |
| TIJANI A. SAANI | ) | |
| | ) | |
| Defendant | ) | |

**RESPONSE BY UNITED STATES TO DEFENDANT'S**
**MOTION TO DISMISS INDICTMENT FOR IMPROPER VENUE**

The United States respectfully submits the following response to defendant's motion to dismiss indictment for improper venue. Defendant's motion to dismiss (Doc. No. 40) is predicated upon the notion that because Mr. Saani was arrested in the Eastern District of New York ("E.D.N.Y."), venue is proper only in E.D.N.Y. As we demonstrate below, the applicable venue statute also focuses on where a defendant is charged. Moreover, this case has virtually no connection to E.D.N.Y. Accordingly, defendant's motion to dismiss should be denied.

**1.    Background**

On March 25, 2008 Magistrate Judge John M. Facciola signed an arrest warrant in the District of Columbia for the arrest of defendant for violation of 18 U.S.C. § 7206(1), tax perjury. In determining where to file the complaint, the Government looked to 18 U.S.C. § 3238 because defendant had been living in Kuwait for the past 14 years and appeared to make the false statement on the tax return while living in Kuwait. Given the defendant's foreign residence and his access to foreign assets, the Government requested that the complaint be filed under seal in order to prevent defendant from learning of it's existence. The Government was concerned that, if defendant learned of the investigation, he would not return to the United States. The

Government intended to arrest defendant whenever he entered the United States but could not contemplate where he would fly into the country.

Defendant was arrested on May 7, 2008, when he entered the United States at John F. Kennedy International Airport in Queens, New York ("JFK").  Because a charge had already been brought against him in Washington, D.C., the government sought his removal to face the charges pending here.  None of the conduct at issue in the criminal complaint occurred in New York.

On May 16, 2008, a Grand Jury sitting in the District of Columbia, the same jurisdiction where the original charges were brought, returned an indictment charging the defendant with tax perjury pursuant to 26 U.S.C. § 7206.

**2.   Venue is Proper in the District of Columbia**

Defendant claims that the U.S. District Court for the Eastern District of New York is the proper venue for this case pursuant to 18 U.S.C. § 3238 given the fact that he was arrested in that district when he voluntarily flew into JFK airport.  Defendant, however, ignores the second portion of § 3238 which provides guidance for charging decisions when charges are brought prior to a defendant's arrest.  18 U.S.C. § 3238 provides that:

> The trial of all offenses begun or committed upon the high seas, or elsewhere out of the jurisdiction of any particular State or district, shall be in the district in which the offender, or any one of two or more offenders, is arrested or first brought; but if such offender or offenders are not so arrested or brought into any district, an indictment or information may be filed in the district of the last known residence of the offender or of any one or two or more joint offenders, or if no such residence is known, the indictment or information may be filed in the District of Columbia.

Courts which have examined this statute in detail have held that the two clauses of § 3238 should be read in the disjunctive – trial is proper in the district where the offender is first brought, or in the district of his last known residence or the District of Columbia if an indictment or information is filed before the offender is first brought into any district. See United States v. Hilger, 867 F.2d 566, 568 (9th Cir. 1989); United States v. Hsin-Yung, 97 F.Supp.2d 24, 28 (D.D.C. 2000).

The court's holding in Hsin-Yung is instructive in this matter. In Hsin-Yung, the Government originally charged the defendants by information in the District of Columbia for attempting to violate U.S. immigration laws by smuggling aliens into the United States through the use of a foreign vessel traveling on the high seas. The defendants had not waived their right to be charged by indictment when the Government filed the informations. Defendants were then arrested in Houston, Texas. Subsequently, the Government indicted the defendants in the District of Columbia. Defendants challenged venue in the District of Columbia claiming that the Southern District of Texas was the only proper venue. Id. at 27. The court disagreed and found that venue was proper under § 3238 because the defendants were charged in the District of Columbia *before* they were arrested in the Southern District of Texas. In finding that venue was proper in the District of Columbia, the court in Hsin-Yung found that the informations, which required no evidentiary finding, were legitimate charging documents that satisfied § 3238. Id. at 28.

The facts in this case are similar to those in Hsin-Yung. Here, a warrant for defendant's arrest was issued in the District of Columbia. Approximately six weeks later, defendant traveled to the United States where he was arrested upon arrival at JFK airport. Shortly thereafter, the

Government indicted the defendant on the same charges in the District of Columbia, where the original complaint was filed.

In support of his motion to dismiss, defendant relies upon the D.C. Circuit's decision in United States v. Gurr, 471 F.3d 144 (D.C. Cir. 2006). However, Gurr supports the Government's position because the facts in it are similar to those found here. In Gurr, the defendant was indicted in the District of Columbia for violations of U.S. law which occurred in his home of American Samoa, which is not within any judicial district of the Untied States. Following his indictment, Gurr voluntarily traveled to Hawaii where he was arrested. Although Gurr objected to venue, the court held that venue was proper because he had been charged by indictment in the District of Columbia before he was arrested in Hawaii. Id. at 155. Similarly, in this instance, Mr. Saani was charged in the District of Columbia by complaint before he was arrested upon his voluntary entry into the United States at JFK airport. Accordingly, venue is proper in the District of Columbia.

Finally, defendant cites to United States v. Cobar, 2006 WL 3289267 (D.D.C.), in support of his argument that venue is not proper in District of Columbia but Cobar is distinguishable because some of the charged criminal conduct occurred within the District of Nevada, and the defendants were first charged in that district. In Cobar, the defendants were charged with 21 U.S.C. § 960 and conspiracy to commit a violation of 21 U.S.C. § 959, which makes it a criminal offense to distribute a controlled substance knowing that it will be unlawfully imported into the United States from outside of the United States. Chief Judge Lamberth determined that while the underlying offense is an extraterritorial crime, the conspiracy charge is not, particularly where the conspiracy is formed in the United States. Judge Lamberth further

determined that the conspiracy was formed, at least in part, in the District of Nevada because co-conspirator Cobar was in Nevada at the time that the agreement to distribute drugs was reached. As a result of the agreement being reached in Nevada, the court held that venue in the District of Columbia was improper with respect to Cobar. Id. at 5. Co-conspirator Gonzales-Largo was outside of the United States during the formation of the alleged conspiracy; the court considered venue under 18 U.S.C. § 3238. Judge Lamberth noted that venue would be proper in the District of Columbia only if "the defendant is either not arrested or not brought into any district." Id. at 5. In Cobar, both Cobar and Gonzales-Largo were indicted in Nevada. As a result, Judge Lamberth found that charges were first brought in Nevada and that the appropriate venue for both defendants was in Nevada.

The common thread among all three of these cases is that the defendants in all three cases were charged in a particular jurisdiction *before* they were arrested in another district and, in each case, the courts held that venue was proper where the defendants were first charged. The only difference between this case and the others is that Saani was originally charged by complaint rather than by information (Hin-Yung) or by indictment (Gurr, Cobar).

**3.    Bringing Charges by Complaint is No Different than Charging by Information or Indictment**

Here the only relevant question is whether a criminal complaint is a charging instrument similar enough to an information or indictment to receive the benefit of 18 U.S.C. § 3238. Although no courts have specifically addressed this issue, informations and criminal complaints are often treated as functionally similar by courts and the federal rules. See, e.g., F.R.Crim.P. 6(f) (describing the grand jury's responsibility when it declines to return an indictment while a complaint or information is pending); F.R.Crim.P. 58(b)(1) (misdemeanors may proceed under

an indictment, information, or complaint); United States v. Wright, 985 F.2d 554 (Table), 1993 WL 18321 at *4 (4th Cir. Jan. 29, 1993) (comparing a criminal complaint to an information for purposes of F.R.Crim.P. 7(e)); United States v. James, 861 F. Supp. 151, 153-54 (D.D.C. 1994) (noting that under F.R.Crim.P. 48 the United States must have a leave of the court to dismiss an indictment, information, or complaint); United States v. Wessels, 139 F.R.D. 607 (M.D. Pa. 1991) (noting that a felony case cannot proceed to trial on an information without a waiver from the defendant because "[w]ithout a waiver required by Rule 7(b) of the Federal Rules of Criminal Procedure, an Information charging a felony offense is virtually meaningless. It can be filed . . . but [the defendant] cannot be required to plead or be tried until such waiver has been made"); but see United States v. Alvarado, 440 F.3d 191 (4th Cir. 2006) (a criminal complaint does not commence a formal prosecution).

Like an information filed without the defendant waiving his right to indictment, the analysis is not whether a formal prosecution was commenced, but whether charges were brought in some form in the District of Colmbia prior to the defendant's arrest in another jurisdiction. See Hsin-Yung, 97 F. Supp. 2d at 28, n. 4 (noting that Congress intended to add flexibility to 18 U.S.C. § 3238 when the statute was re-drafted in 1963). That is precisely what transpired in this case.

"A fundamental canon of statutory construction it that, unless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning. Therefore, [courts must] look to the ordinary meaning of the term [in question] at the time Congress enacted the statute." United States v. Perrin, 444 U.S. 37, 42 (1979) (citation omitted). When 18 U. S. C.

§ 3238 was amended in 1963, the ordinary meaning of "information" and "criminal complaint" were virtually the same, and functionally identical.  Black's Law Dictionary (Rev. 4th ed. 1968) defines criminal information as "[a]n accusation exhibited against a person for some criminal offense, without an indictment."  Id. at. 918-19.  That same dictionary states that in criminal law, a complaint is "[a] charge, preferred before a magistrate having jurisdiction, that a person named . . . has committed a specified offense, with an offer to prove the fact, to the end that a prosecution may be instituted."  Id. at 356-57.  Although they go by two different titles, an information and a complaint are essentially the same: a document not placed before the grand jury that sets forth the offense for which the defendant is being charged.  Indeed, the criminal complaint, which requires that a magistrate judge make a finding of probable cause, see F.R.Crim.P. 3, has an even greater degree of protection for potential defendants than an information, which the prosecutors may file without presenting any evidence.

To argue that an information may be used to establish venue under § 3238 but not a complaint, one must contemplate that Congress intended for § 3238 to establish venue when a case begins on the prosecutor's own accord, or on instruction from a grand jury, but not when a magistrate makes a probable cause finding that a crime has been committed.  Such distinctions are clearly absurd.  There is no logical reason to differentiate the use of indictments or informations from a complaint.

**4.** **Conclusion**

The defendant's arrest occurred in New York merely because that is where he first landed when traveling into the United States.   The charged offense was committed in Kuwait - a location outside the jurisdiction of any United States court - and charges were first brought by

complaint in the District of Columbia on March 25, 2008, six weeks prior to the defendant's arrest. For these reasons, the defendant's motion to dismiss should be denied.


August 8, 2008                            /s/ Ann C. Brickley
                                          ANN C. BRICKLEY
                                          RYAN DANKS
                                          RICHARD B. EVANS
                                          KATHRYN H. ALBRECHT
                                          Trial Attorneys
                                          United States Department of Justice
                                          1400 New York Ave. NW
                                          Washington, DC 20530
                                          (202) 514-1412
                                          (202) 514-3003 (facsimile)

**CERTIFICATE OF SERVICE**

I hereby certify on this 8th day of August 2008, that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorneys listed below who are known to represent the defendant.

>Patricia A. Pileggi
>Patricia A. Pileggi, LLP
>ppileggi@paplaw.com
>
>Susan G. Kellman
>Susan G. Kellman, Esq. & Associates
>kellmanesq@aol.com
>
>John Lauro
>Lauro Law Firm
>jlauro@laurolawfirm.com
>
>David M. Lubitz
>david.lubitz@verizon.net

>*/s/ Ann C. Brickley*
>ANN C. BRICKLEY
>RYAN DANKS
>RICHARD B. EVANS
>KATHRYN H. ALBRECHT
>Trial Attorneys
>United States Department of Justice
>1400 New York Ave. NW
>Washington, DC 20530
>(202) 514-1412
>(202) 514-3003 (facsimile)