UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | ) | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| v. | ) | **Crim No. 08-00147 (RJL)** |
| | ) | |
| **TIJANI AHMED SAANI,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION
TO DISMISS INDICTMENT FOR IMPROPER VENUE**

By 18 U.S.C. § 3238, Congress permits the Government to establish venue in this District for crimes begun or committed outside the United States by filing an "indictment or information" before a defendant is arrested or first brought in any other district (and the residence of the defendant is unknown). The Government asserts that notwithstanding the language of the statute, this Court should find that a complaint resulting in an arrest warrant should be sufficient to establish venue under the statute. The Government is wrong.

This Court must dismiss the indictment, because § 3238 unambiguously confers venue for crimes begun or committed outside the United States only in the jurisdiction in which the defendant is arrested or first brought, except if an "indictment or information" is filed in this District before the defendant is arrested or first brought into any U.S. judicial district and the defendant's residence is unknown. Notwithstanding the Government's attempt to equate a complaint with an indictment or information, a complaint is materially very different. Most important, a complaint need not be approved by a prosecutor, and it does not commit the Government to a prosecution, but an indictment or information must be so approved, it does commit the Government to prosecute and it marks the commencement of adversarial

proceedings. This explains why Congress did not include a complaint, when it amended the statute in 1963 to permit the Government to establish venue in the District by filing an "indictment or information," which, it must be emphasized, were available to the Government in this case but not utilized.

**I.     This Court Must Apply The Unambiguous Meaning Of The Statute And Dismiss The Indictment**

18 U.S.C. § 3238 is crystal clear: it permits venue in the District of Columbia for a crime allegedly begun or committed outside the United States, but only if an "*indictment or information*" is filed before the defendant is arrested in, or first brought to, another judicial district and the defendant's residence is unknown (emphasis added). The Government admits that it did not file an indictment or information in this District before Mr. Saani was arrested in the E.D.N.Y. That should end this Court's inquiry, and the indictment should be dismissed.

Almost one-hundred years ago, the Supreme Court articulated the widely held rule upon which we rely: "[T]he meaning of a statute must, in the first instance, be sought in the language in which the act is framed, and, if that is plain . . . the sole function of the courts is to enforce it according to its terms. Caminetti v. United States, 242 U.S. 470, 485 (1917) (Rejecting appellants' argument that a "commercialized vice" element should, by the Court, be added to the statute, which prohibited the transportation of women inter alia, for "debauchery, or for any other immoral purpose.") (internal citations omitted). The Court in Caminetti continued: "Where the language is plain and admits of no more than one meaning, the duty of interpretation does not arise, and the rules which are to aid doubtful meanings need no discussion." Id.

The Government asks this Court to disregard the plain meaning of 18 U.S.C. § 3238 and add the word "complaint" to the second sentence of the statute. "The short answer is that Congress did not write the statute that way." United States v. Naftalin, 441 U.S. 768, 773 (1979)

(Rejecting request to add phrase "upon the purchaser," to § 17(a)(1) of the Securities Act of 1933). This Court should reject the Government's argument, because, as explained in section II of this Reply, a complaint is a very different document from an "indictment or information." Most importantly, an indictment or information commits the Government to prosecute the defendant, whereas a complaint does no such thing. As explained in section III, the important differences between a complaint and an "indictment or information" were well-established when Congress amended §3238 in 1963, and this Court must give effect to the legislative choice made by Congress to permit venue in this District for crimes alleged to have begun or been committed outside the United States only when an "indictment or information" is filed before a defendant is arrested in, or first brought to, another judicial district (and the defendant's residence is not known).

The Government also argues that there is virtually no connection between the E.D.N.Y. and the charge against Mr. Saani. But there is even less of a connection to this District. We ask this Court to follow the Constitutionally grounded determination by Congress that venue is proper in the E.D.N.Y., because that is where Mr. Saani was arrested, and, while certain procedures prescribed by the statute and wholly within the Government's power could have altered that determination, those procedures were not followed by the Government here.

**II.    A Complaint Is Not An "Indictment Or Information"**

Particularly in a felony case like this one, a complaint "is a written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 3. "Its main function is to serve as the basis for an application for an arrest warrant." 1 C. Wright & A. Leipold, Federal Practice and Procedure, § 41 at p. 33 (4th ed. 2008). See also Fed. R. Crim. P. 4(a) (Authorizing arrest warrants based on complaints). It need not be signed by an attorney for the Government.

Indeed, in this case, the complaint was sworn by an agent of the Internal Revenue Service and no Government attorney signed it. This is in contrast to the "more formal determination of probable cause" established by an indictment or information, pleadings which must be signed by an attorney for the Government. <u>Id</u>. at p. 35. <u>See also</u> Fed. R. Crim.P. 7(c)(1) ("The indictment or information . . . must be signed by an attorney for the government.") and 12(a) ("The pleadings in a criminal proceeding [include] the indictment [and] the information" but not the complaint).

Unlike an indictment or information, in a felony case "the filing of a complaint does not begin formal judicial proceedings[.]" <u>Id</u>. at p. 36. After a complaint is filed, but before an indictment or information, "[t]he criminal process is still in the investigative stage, and 'the adverse positions of the government and defendant' have yet to solidify." <u>United States v. Alvarado</u> 440 F.3d 191, 200 (4th Cir. 2006) (quoting <u>United States v. Gouveia</u>, 467 U.S. 180, 187 (1984)). <u>See also</u> <u>United States v. Moore</u>, 122 F.3d 1154, 1155-56 (8th Cir. 1997) ("[T]he issuance of a complaint under Fed. R. Crim. P. 3 is not . . . [a] formal charge" and "the government has [not] committed itself to prosecute[.]") (in part quoting <u>Kirby v. Illinois</u>, 406 U.S. 682, 688-89 (1972) (plurality opinion)). Thus, for example, the Sixth Amendment right to counsel does not attach when a complaint is filed, but the right does attach when an indictment or information is filed. <u>Compare</u> <u>Alvarado</u> and <u>Moore</u> <u>with</u> <u>Kirby</u> and <u>Gouveia</u>.

There are many other differences between a complaint and an indictment or information. For example, the indictment or information may serve as the formal basis for prosecution of a felony charge, but a complaint may not. Fed. R. Crim. P. 7(a)(1) and (b). (In this case, Mr. Saani has been charged with a felony.) A defendant cannot plead to, or be convicted of, a felony based only on a complaint. An "indictment or information" is required. A criminal forfeiture also may proceed on an indictment or information, but not a complaint. Fed. R. Crim. P. 7(c)(2).

The Government principally relies on United States v. Hsing-Yung, 97 F. Supp.2d 24 (D.D.C. 2000), but that case is distinguishable and does not support the Government's request that this Court add the term "complaint" to the second sentence of § 3238. The court in Hsing-Yung merely held that where the Government filed an information in this District before his arrest, but later prosecuted the defendant on an indictment obtained after his arrest, the information could be used to establish venue in this District under § 3238. In this case, of course, the prosecutor did not sign an information before Mr. Saani was arrested, an Internal Revenue Service agent signed a complaint. Moreover, at least one court has disagreed with the reasoning of Hsing-Yung. United States v. Machado, 2005 U.S. Dist. LEXIS 26255, *8 (D. Mass. Nov. 3, 2005) (Holding that information filed without waiver of prosecution by indictment is invalid and insufficient to toll the statute of limitations).

The Government misconstrues the salient point with respect to Judge Lamberth's decision to dismiss the portion of the indictment relating to § 3238 in United States v. Cobar, 2006 U.S. Dist. LEXIS 81973,*17-*19 (Nov. 9, 2006). In determining that venue with respect to defendant Gonzales-Largo was not proper in this district pursuant to § 3238, Judge Lamberth held that Gonzalez-Largo was first indicted in the District of Nevada. It was irrelevant to his analysis under § 3238 that any portion of the underlying crime was committed in that district.

Like the other court decisions cited in support of our opening memorandum, and the ones cited by the Government in response, the courts followed the language of the statute, requiring an "indictment or information" before arrest to establish venue under § 3238 in the appropriate judicial district. These decisions did not, as the Government asserts at page 5 of its Response, predicate their holdings on the fact that the defendant was "charged" before arrest in another jurisdiction. Docket Entry #41 (filed Aug. 8, 2008).

### III. The Differences Between A Complaint And An "Indictment Or Information" Existed When Congress Amended 18 U.S.C. § 3238 In 1963

The above-mentioned distinctions between a complaint and an "indictment or information" existed when Congress amended § 3238 in 1963. This explains why Congress established that filing an "indictment or information," but not a complaint, could establish venue in this District under § 3238. The versions of Fed. R. Crim. P. 3, 4, 7 and 12 in effect in 1963 were not materially different for purposes of the issue before this Court from the ones in effect today. See 3C C. Wright et al., Federal Practice and Procedure, Appendix B at pages 16-18 (Citing 1944 promulgation and 1946-66 amendment history of the Federal Rules of Criminal Procedure) and Fed. R. Crim. P. 3, 4, 7 and 12, Federal Rules of Criminal Procedure (N.Y.U. School of Law 1946) (Setting forth Rules then in effect and Notes).

The Government relies on Black's Law Dictionary to argue that the terms "complaint" and "information" were, in 1963, "virtually the same and functionally identical," Gov't Response at 7, but, the Government is incorrect in that assertion in at least three key ways. First, the Federal Rules of Criminal Procedure, not Black's Law Dictionary, govern in this Court. Second, as exhaustively explained, a complaint is materially very different from an "indictment or information." Third, the Government's argument ignores that this Court must adhere to the choices made by Congress when it enacted and amended 18 U.S.C. § 3238. Terms not used in the statute cannot later be added on a case by case basis for the convenience of the Government, especially where the statutorily provided procedures were available to the Government in this case but not used by it.

**CONCLUSION**

For the foregoing reasons, this Court must dismiss the indictment.

                                                    Respectfully submitted,

Dated: August 12, 2008                              /s/ David M. Lubitz
                                                    DAVID M. LUBITZ
                                                    210 5th Street, N.E
                                                    Washington, DC 20002
                                                    (202) 492-4273
                                                    david.lubitz@verizon.net
                                                    D.C. Bar # 457558

                                                    PATRICIA A. PILEGGI
                                                    747 3rd Avenue, 32nd Floor
                                                    New York, NY 10017
                                                    (212) 425-3391
                                                    ppileggi@paplaw.com
                                                    Admitted Pro Hac Vice

                                                    SUSAN G. KELLMAN
                                                    25 8TH Avenue
                                                    Brooklyn, NY 11217
                                                    (718) 783-8200
                                                    kellmanesq@aol.com
                                                    Admitted Pro Hac Vice


                                                    Attorneys for Defendant