## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Criminal No.  08-147 (RJL)** |
| | ) | |
| **TIJANI A.  SAANI** | ) | |
| | ) | |
| **Defendant** | ) | |

### NOTICE OF FILING OF DECLARATION

Pursuant to this Court's direction at the hearing on August 12, 2008, the

United States hereby files this Declaration by Special Agent Troy Burrus in

support of its motion to exclude time from the Speedy Trial Act pursuant to 18

U.S.C. § 3161(h)(9).  The Declaration establishes by a preponderance of the

evidence that 1) official requests to foreign countries have been made for evidence

that the Defendant's statements on his 2005 tax return were false and 2) that it

reasonably appeared at the time the requests were made that such evidence is in

the foreign countries.

Dated: August 20, 2008

Respectfully submitted,

_____*/s/ Ryan Danks*_____
Ryan Danks
Richard Evans
Trial Attorneys
United States Department of Justice
450 5th Street, NW Room 11420
Washington, DC 20530
phone: 202-305-0128
fax: 202-514-6525

# CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of August 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and sent a copy of the above by electronic mail to the following:

Patricia A. Pileggi
Patricia A. Pileggi, LLP
ppileggi@paplaw.com

Susan G. Kellman
Susan G. Kellman, Esq. & Associates
kellmanesq@aol.com

John Lauro
Lauro Law Firm
jlauro@laurolawfirm.com

David M. Lubitz
david.lubitz@verizon.net

_____/s/ Ryan Danks_____
Ryan Danks
Richard Evans
Trial Attorneys
United States Department of Justice
450 5th Street, NW Room 11420
Washington, DC 20530
phone: 202-305-0128
fax: 202-514-6625

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA )
 )
   v.   )  Criminal No.  08-147 (RJL)
 )
TIJANI A.  SAANI )
 )
   Defendant )

**DECLARATION OF SPECIAL AGENT TROY BURRUS**

1. I,  Troy Burrus, am a Special Agent with the Internal Revenue Service,

Criminal Investigation Division, having been so employed since July 1999, and as such

am vested with the authority to investigate violations of federal law.   I have  received

training in investigations of tax fraud, money laundering, and the bank secrecy act and

have participated in many such investigations.  I have personally participated in this

investigation and am thoroughly familiar with the information contained in this affidavit.

<u>The Charge Against the Defendant</u>

2. On April 21, 2006, TIJANI SAANI and BARBARA SAANI each signed,

under the penalty of perjury, their joint tax return for the 2005 tax year.  Schedule B,

attached to their 2005 tax return, includes in Part III, 7a the question:  "At any time

during 2005, did you have an interest in or a signature or other authority over a financial

account in a foreign country, such as a bank account, securities account, or other financial

account?"   SAANI and BARBARA SAANI checked "No" in response to this question.

They left blank Part III, 7b, which asks for the name of the foreign country in which the account exists if the question in Part III, 7a is answered affirmatively.

3.     On May 16, 2008, a grand jury sitting in the District of Columbia returned an indictment against TIJANI SAANI charging that he had violated 26 U.S.C. § 7206(1), inasmuch as he had made and subscribed a tax return for 2005 that was false as to a material matter, i.e., his ownership or control of a foreign bank account; made and subscribed the return under a written declaration that was made under the penalty of perjury; did not believe the return to be true and correct as to every material matter; and falsely subscribed to the return willfully, with the specific intent to violate the law.

The Request for Assistance Sent to the Kingdom of the Netherlands

4.     On May 14, 2008, the United States submitted a formal request to the Ministerie van Justitie of the Netherlands, pursuant to the Treaty Between the Government of the United States of America and the Kingdom of the Netherlands on Mutual Legal Assistance in Criminal Matters.  This request asked for the Netherlands to provide the bank records described in Paragraph 6 below to the United States Department of Justice.  According to information I received from the Department of Justice Criminal Division's Office of International Affairs (OIA), which is responsible for managing the Department's requests for cooperation from foreign governments, this request is still pending. The fact that the Defendant has been arrested and is awaiting trial has been reported to the Ministerie van Justitie, which has been asked to expedite its response.

According to an update from the Ministerie van Justitie that OIA received on August 15, it is estimated that the requested information may be provided in approximately two months.

5.     Evidence developed through other means during this investigation has revealed that in the last two months of 2005, the Defendant wired $75,000 from Kuwait to account held in his name at ABN AMRO Bank N.V. at Gustav Mahlerlaan 10, 1082 PP Amsterdam, the Netherlands.  On November 29, 2005, the Defendant wired $25,000 from International Financial Line Co. in Kuwait, through DOHA Bank, to the ABN AMRO account.  On December 6, 2005, the Defendant wired $50,050 from International Financial Line Co., in Kuwait, through DOHA Bank, to the ABN AMRO account.

6.     The materials sought from the Netherlands, which include bank signature cards, documentation of account openings and closings, account statements, and correspondence with the account holder, are expected to provide evidence in support of the charge described in Paragraph 3, namely, that in 2005 TIJANI SAANI owned or controlled foreign bank accounts, and that the answers described in Paragraph 2 were untrue.  Similar requests made earlier in this investigation to the United Kingdom have in fact provided evidence in support of the charge described in Paragraph 3.

The Request for Assistance Sent to the Republic of Ghana

7.      On June 17, 2008, the United States Embassy to Ghana submitted to the Republic of Ghana a formal request for assistance.  This request asked for the Republic of Ghana to provide the bank records described in Paragraph 10 below to the United States Department of Justice.  According to information I received from the Office of International Affairs, this request is still pending.  The fact that the Defendant has been arrested and is awaiting trial has been reported to the Republic of Ghana, as has a request to expedite its response.  Inquires as to the status of the request have been made to the United States Embassy to Ghana, but as of today, no specific deadline for that response can be provided.

8.      Evidence developed through other means during this investigation has revealed that between 2002 and 2006, SAANI or his associates made more than 40 wire transfers to accounts in SAANI's name in Ghana.  SAANI apparently held accounts in Ghana in at least two banks – Barclays Bank and Standard Chartered Bank.  The transfers usually originated in Kuwait with Al Muzaini Exchange Co. or International Financial Line Co., and ranged in amounts from $5,000 to more than $300,000, and totaled more than $1,300,000.

9.      SAANI's history of transfers to banks in Ghana is detailed in the table below.  The accounts listed refer to the bank accounts described in Paragraph 8.  The

amounts listed in the "amount transferred" column are estimates based on information available at this time.

| Year | Amount transferred | Account |
|------|--------------------|---------|
| 2002 | $350,000 | Standard Chartered Bank |
| 2003 | $110,000 | Standard Chartered Bank |
| 2004 | $230,000 | Standard Chartered Bank |
| 2004 | $90,000 | Barclays Bank |
| 2005 | $120,000 | Standard Chartered Bank |
| 2005 | $400,000 | Barclays Bank |
| 2006 | $9,000 | Barclays Bank |

10.    The materials sought from the Republic of Ghana, which include bank signature cards, documentation of account openings and closings, account statements, and correspondence with the account holder, are expected to provide evidence in support of the charge described in Paragraph 3, namely, that in 2005 TIJANI SAANI owned or controlled foreign bank accounts, and that the answers described in Paragraph 2 were untrue.  Similar requests made earlier in this investigation to the United Kingdom have in fact provided evidence in support of the charge described in Paragraph 3.

The Request for Assistance to the Isle of Man

11.    On August 13, 2008, the United States submitted a formal request to Her Majesty's Attorney General on the Isle of Man, pursuant to the Treaty Between the Government of the United States of America and the Government of the United Kingdom of Great Britain and Northern Ireland on Mutual Legal Assistance in Criminal Matters. (This treaty has been extended to the Isle of Man.)  This request asked for the Isle of Man to provide the bank records described in Paragraph 13 below to the United States Department of Justice.  Her Majesty's Attorney General has been asked to expedite its response; however, as of now, however, no specific deadline for that response can be provided.

12.    Evidence developed through other means during this investigation, including the United Kingdom's response to a similar request, has revealed that SAANI established an account at the Isle of Man.  For instance, on August 16, 2004, SAANI transferred 2,000 Eurodollars from his account at Barclays Bank in the United Kingdom to an account in his name at Barclays Private IOM International Banking Centre on the Isle of Man.

13.    The materials sought from the Isle of Man, which include bank signature cards, documentation of account openings and closings, account statements, and correspondence with the account holder, are expected to provide evidence in support of the charge described in Paragraph 3, namely, that in 2005 TIJANI SAANI owned or

controlled foreign bank accounts, and that the answers described in Paragraph 2 were untrue. Similar requests made earlier in this investigation to the United Kingdom have in fact provided evidence in support of the charge described in Paragraph 3.

I declare under penalty of perjury that the foregoing is true and correct.

FURTHER AFFIANT SAYETH NAUGHT

Special Agent Troy Burrus
Internal Revenue Service

Dated: _20 Aug 08_